RECEIVED

MAR 0 4 2019

AO 241
(Rev. 01/15)

Page 2

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Nashville (Mddle Division) | |
|---|---|---|
| Name (under which you were convicted): <br> Martin Hughes | | Docket or Case No.: <br> 12cr242 & 12cr243 |
| Place of Confinement : <br> Trousdale Turner Correctional Facility | | Prisoner No.: <br> 288333 |
| Petitioner (include the name under which you were convicted) <br><br> Martin Hughes | v. | Respondent (authorized person having custody of petitioner) <br><br> Warden Russell Washburn |
| The Attorney General of the State of: Tennessee | | |

### PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Hamblen County Criminal Court (3rd Judicial District)

   510 Allison Street

   Morristown, Tn. 37814

   (b) Criminal docket or case number (if you know): 12CR242 & 12CR243

2. (a) Date of the judgment of conviction (if you know): 01/21/2014

   (b) Date of sentencing: 01/21/2014

3. Length of sentence: 5yrs @ 30%

4. In this case, were you convicted on more than one count or of more than one crime? ☑ Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: Aggravated Assault x(2) 12CR242

   Introduction Into Penal Facility  12CR243

6. (a) What was your plea? (Check one)

   ☐ (1) Not guilty     ☐ (3) Nolo contendere (no contest)

   ☑ (2) Guilty     ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   Aggravated Assault (x2)

Introduction Into Penal Facility

(c) If you went to trial, what kind of trial did you have? (Check one)

    ☐ Jury   ☑ Judge only

7.  Did you testify at a pretrial hearing, trial, or a post-trial hearing?

    ☑ Yes   ☐ No

8.  Did you appeal from the judgment of conviction?

    ☑ Yes   ☐ No

9.  If you did appeal, answer the following:

(a) Name of court:   Hamblen County Criminal Court

(b) Docket or case number (if you know):   15cr284 (Post Conviction)

(c) Result:   Denied

(d) Date of result (if you know):

(e) Citation to the case (if you know):   E2015-01415-CCA-R3-PC

(f) Grounds raised:   Inneffective Assistance of Counsel

(g) Did you seek further review by a higher state court?   ☑ Yes   ☐ No

    If yes, answer the following:

    (1) Name of court:   Criminal Court of Appeals (Eastern Division)

    (2) Docket or case number (if you know):   E2015-01415-CCA-R3-PC

    (3) Result:   Denied Relief

    (4) Date of result (if you know):

(5) Citation to the case (if you know):    E2015-01415-CCA-R3-PC

(6) Grounds raised:    Ineffective Assistance of Counsel

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☑ Yes  ☐ No

    If yes, answer the following:

    (1) Docket or case number (if you know):    E2015-01415-CCA-PC

    (2) Result:    Cert. Denied

    (3) Date of result (if you know):

    (4) Citation to the case (if you know):

10.  Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☑ Yes  ☐ No

11.  If your answer to Question 10 was "Yes," give the following information:

  (a)  (1) Name of court:    Trousdale County Criminal Court

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

      (4) Nature of the proceeding:    Habeas Corpus (Tennessee)

      (5) Grounds raised:    *Tennessee Rules of Criminal Procedure (36.1)- Illegal Sentence

          *State created Procedural "Catch 22" CCA/ TDOC denial of TCA 4-5-223,225 UAPA

          Attorney Misconduct TCA 9-8-307 Caused Irreparable Legal Harm ,docket 2018-2862-1-AJ

          Time Audit / TDOC 5yrs / 10 &15 yrs Consecutive Sentences by Judgments (36.1 violation)

      (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

      ☐ Yes  ☑ No

      (7) Result:    Summary Dismissed

      (8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:   Trousdale County criminal Court

    (2) Docket or case number (if you know):   2018-cv-4696

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:   TCA 29-5-101 Tennessee Habeas Corpus

    (5) Grounds raised:  Same As Above

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ☐ Yes   ☑ No

    (7) Result:   Summary Dismissal

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☑ No

(7) Result: _____

(8) Date of result (if you know): _____

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

    (1) First petition:     ☑ Yes     ☐ No

    (2) Second petition:    ☑ Yes     ☐ No

    (3) Third petition:     ☑ Yes     ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.     For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

     **CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**    Inneffective Assistance of Counsel caused irreparable legal harm in Case #15cr284PC

_____

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

During the filing of Petition for Post Conviction Relief in Morristown ,Tn. Defendant Hughes was denied effective

counsel by Attorney Misconduct RPC (8.4) by Mr. Gerald Eidson . (see Board of Professional Responsibility )

Docket # 2018-2862-1-AJ . This Attorney's actions caused irreparable legal harm by refusing to even contact his

client, ever in this case, in turn Hughes lost a very crucial eyewitness,missed grounds and motions, allowed client

to be mistreated in facilities, such as Hamblen Co. Jail & Hardeman Co. Correctional Facility. This Issue coupled

with the State of Tennessee's complete refusal to properly adjust the Petitioner's TDOC time/ sentence credits of

Uniform Administative Procedure Act under TCA Law (4-5-223,225) see M2016-02212-CCA-R3-CV or 16-681-IV.

(b) If you did not exhaust your state remedies on Ground One, explain why: _____

_____

_____

_____

_____

_____

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☑ Yes     ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:     POST CONVICTION BELOW

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     Post Conviction

Name and location of the court where the motion or petition was filed:     Hamblen Co. Tennessee

Docket or case number (if you know):     15CR284PC

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     see attached

(3) Did you receive a hearing on your motion or petition?     ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     Criminal Court of Appeals (Eastern Division)

Knoxville, Tn

Docket or case number (if you know):     E2016-01415-CCA-R3-PC

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     see attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:     see M2016-2212-CCA-R3-CV (Middle Division Tennessee) or 16-681-IV Chancery Court in Nashville . see also 2018 cv 4696 Trousdale Criminal Court in Hartsville,Tn. or also seeM2018-00858-CCA-R3-HC

**GROUND TWO:**          State Created Illegal / EXPIRED Sentence during a REVERSE & REMAND of 10/15 Yr. Sentences being served seperately caused legal harm in this case at hand. (TDOC Time Audit refused)

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Clearly on the records of both trial transcripts these sentences are to be served "Consecutively" meaning the (5) @30% is to be fully expired 1st then start serving the 10/15 yrs. sentences afterwards. How then is under the Tn. TCA LAW 41-21-236 Sentence Reduction Credits earned by law being applied to a sentence that Hughes is not even serving yet ? *If the State had applied the proper "credits" by law under TCA 41-21-236 to the correct (5)Yr. sentence Hughes was serving at the time instead of a future sentence to be served during REVERSE&REMAND of the future sentence Hughes would have been EXPIRED ON THE 5yrs. and would have been as a free MAN & NOT INDIGENT to better defend the future sentence on REVERSE & REMAND see E2015-01953-CCAR3-CD. THIS CLEARLY CAUSED A VIOLATION OF DUE-PROCESS IN BOTH CASES.

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ☐  Yes     ☑  No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑  Yes     ☐  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:     POST CONVICTION

Name and location of the court where the motion or petition was filed:   Hamblen Co. Morristown, Tn.

510 Allison Street

Morristown, TN. 37814

Docket or case number (if you know):     15CR284PC

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     see attached

(3) Did you receive a hearing on your motion or petition?     ☑ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?     ☑ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☑ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:     COURT of CRIMINAL APPEALS (EASTERN DIV)

@ KNOXVILLE, TN.

Docket or case number (if you know):     E2016-01415-CCAR3-PC

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):     see attached

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :     State HABEAS CORPUS @ Trousdale Co. Court

in Hartsville. 200 East main St. room # 5 Hartsville , Tn. 37074 case #2018-CV-4696 or see :

case # M2018-00858-CCAR3-HC in Middle Division @ Nashville Court of Criminal Appeals.

**GROUND THREE:**     NEW GROUND RAISED HERE: The facility where the petitioner is being held illegally

is not functioning properly by the TCA Laws governing it's operations, and is allowing 8th Amendment violations.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Petitioner Hughes is being repeatedly EXTORTED by "gang members" here at the Trousdale Turner Correctional

Facility, is also being denied adequate medical care of Chronic care injuries, is also being denied proper access

to Attorney / Client privileges of communication, being subjected to "staff abuse" , TITLE VI Violations of race in a

Federally Funded "RDAP" Program, is being denied the right to SEND / RECIEVE LEGAL MAIL, access to the

Mailroom, also being denied the right to file a Grievance or Request by TDOC Policies, or file any procedure of

severe LOSS of PROPERTY caused by "staff" CCA C/O's, allowing "gangs" to steal & pack property of anothers.

see attached enclosed documents that support these claims, PETITIONER REQUESTS a TRO rule

(b) If you did not exhaust your state remedies on Ground Three, explain why:   These are new grounds not available at

the time but does apply retroactively in this case at hand here as it is a ongoing and continuing issue that is now

cauasing great LEGAL HARM & PHYSICAL HARM to Inmate Hughes.

_____

_____

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes     ☑ No

(2) If you did not raise this issue in your direct appeal, explain why:   Was not available yet.

_____

_____

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes     ☑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _____

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition?      ☐ Yes     ☐ No

(4) Did you appeal from the denial of your motion or petition?      ☐ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

Had not yet happened , therefore it could not be used yet in this case.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ☐ Yes      ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☐ Yes      ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

(3) Did you receive a hearing on your motion or petition? ❏ Yes ❏ No

(4) Did you appeal from the denial of your motion or petition? ❏ Yes ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ❏ Yes ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _____

_____

Docket or case number (if you know): _____

Date of the court's decision: _____

Result (attach a copy of the court's opinion or order, if available): _____

_____

_____

_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

_____

_____

_____

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four: _____

_____

_____

_____

_____

_____

_____

13. Please answer these additional questions about the petition you are filing:

    (a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?    ☐ Yes    ☑ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:    Some had not yet happened to be properly applied to any record, some due to

        the housing facility in which Hughes is Illegally Incarcerated NOW. requests to RETROACTIVE

        -LY Apply these issues as this court will screen and deem if cognizable uses apply under (2254

        standards here.

    (b)    Is there any ground in this petition that has not been presented in some state or federal court? If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        see ground 3

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?    ☑ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy

    of any court opinion or order, if available.    see attached

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?    ☐ Yes    ☐ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised.

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the

judgment you are challenging:

(a) At preliminary hearing:    Attorney Clifton Barnes

(b) At arraignment and plea:    Attorney Clifton Barnes

(c) At trial:    Attorney Clifton Barnes

(d) At sentencing:    Attorney Clifton Barnes / Plea Bargain 1-21-14

(e) On appeal:    NONE

(f) In any post-conviction proceeding:    1st Attorney GERALD EIDSON Violations of RPC (8.4) Courts

then appointed several different attorneys before deciding on one Mr. Jonathan Cave @ Greeneville

(g) On appeal from any ruling against you in a post-conviction proceeding:    Mr. Johnathan Cave appeal from :

15cr284PC to CCA in E2016-01415-CCAR3-PC (Eastern Division)

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are

challenging?    ☑ Yes    ☐ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

Hawkins County Criminal Court 117 Justice Center Dr. suite # 1237 Rogersville,Tn 37857

see 14cr128 , appeal (1ST) E2015-01953-CCA-R3-CD (2ND) E2017-01907-CCA-R3-CD

(b) Give the date the other sentence was imposed:    09/08/2015

(c) Give the length of the other sentence:    10/15 YRS. CONCURRENTLY

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the

future?    ☑ Yes    ☐ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain

why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:  To Properly grant Petitioner's request of a TRO to

TDOC Facility where he will not be Misteated or Retaliated against for filing such Co)mplaints as he has been .

Properly Grant a "Time Audit" by TDOC & RETROACTIVELY apply any Legal harms of these findings in both cas

or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for

Writ of Habeas Corpus was placed in the prison mailing system on     2-28-19          (month, date, year).

Executed (signed) on     2.27-19     (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____



TENNESSEE DEPARTMENT OF CORRECTION
FELONY CONVICTION
STATE OF TENNESSEE, COUNTY OF: **Hamblen**

STATE OF TENNESSEE
vs.

No.: *12CR 242*  Charge: *Agg Assault x 2*

Convicted of: _____

*Marty Hughs*

Sentence: _____

Date of Indictment: *9-24-12*

Date of Judgment: *1-21-14*

Sentence to Run Concurrently/Consecutively to Sentence in Case Number(s): _____

| Section Name | BILL OF COSTS | | | | Section Totals |
|---|---|---|---|---|---|
| **COURT CLERK FEES** | Filing Lower Court Record | @ 2.00 | Taking Bond | @ 2.00 | |
| | Filing Indictment | 2.00 | Qualify Each Surety | @ 5.00 | |
| | ___ Dockets | @ 2.00 | Filing bond | @ 2.00 | |
| | Copy of Indictment: | | Notify Defense Attorney | @ 2.00 | |
| | On Minutes | 2.00 | Empaneling Jury | @ 3.00 | |
| | To Defendant | 2.00 | G.J. Subpoenas | @ 5.00 | |
| | Arraignment & Plea: | | State Subpoenas | @ 2.00 | |
| | Minute Entry | 2.00 | Continuances | @ 5.00 | |
| | Order Fixing Bail | 2.00 | Respitals | @ 1.50 | |
| | Enter Judgment on Minutes | 3.00 | Orders on Minutes | @ 2.00 | |
| | Bill of Costs on Execution Docket | 3.00 | Motions on Minutes | @ 2.00 | |
| | Fi Fa & Costs Thereon | @ 5.00 | Petitions on Minutes | @ 2.00 | |
| | Enter Judgment vs. State | 3.00 | Affidavits--Filed | @ 2.00 | |
| | Bill of Costs to Comptroller | 2.50 | Exhibits--Filed | @ 2.00 | |
| | Copy--Final Order to Comptroller | 2.50 | Rule Docket Entries | @ 2.00 | |
| | Certificate & Seal | 5.00 | Probate State Witness | @ 1.50 | |
| | Commitment to State Pen, County Jail or | | Caplas Issued | @ 5.00 | |
| | Workhouse | @ 3.50 | Sci Fa Issued | @ 5.00 | |
| | Copy Indictment--State Pen | @ 2.00 | Copies Process Issued | @ 2.00 | |
| | Three Copies to Central Records for | | Copies--Other | @ 2.00 | |
| | Sentence of One Year or More In | | Filing--Other | @ 2.00 | |
| | County Jail or Workhouse | @ 6.00 | Appeal: | | |
| | Notice to State Election | | File Bill of Exceptions | @ 2.00 | |
| | Coordinator upon Conviction of | | Enter Order of Appeal | @ 3.00 | |
| | Infamous Crime | | File Procedendo | @ 2.50 | |
| | | | CLERK FLAT FEE--Felony Indictment | 1 @ 250.00 | 250.00 |
| | **CLERK FLAT FEE--VOP** | @ 75.00 | DATA-PROCESSING FEE--Indictment | 1 @ 2.00 | 2.00 | $ 252.00 |
| **SHERIFF** | Arrest Fee (Per Arrest) | 1 @ 10.00 | G.J. Subpoenas | 1 @ 2.50 | |
| | Ex Caplas | 1 @ 10.00 | State Subpoenas | @ 2.50 | |
| | Ex Attachment or Sci Fa | 1 @ 6.00 | Nulla Bona Return Fi Fa | @ 5.00 | |
| | Taking bond | 1 @ .50 | | | $ 29.00 |
| **OFFICER TRAVEL** | Inside State | | | (Statement Attached) | |
| | Outside State | | | (Statement Attached) | $ |
| **GENERAL SESSIONS COURT CLERK** | Affidavit & Warrant | @ 5.00 | State Subpoenas | @ 5.00 | |
| | Docketing | @ 2.00 | Mittimus | @ 2.00 | |
| | Judgment | @ 3.00 | Bond | @ 2.00 | |
| | Bill of Cost | @ 3.00 | CLERK FLAT FEE--General Sessions | 1 @ 40.00 | 40.00 |
| | | | DATA-PROCESSING FEE--Genl Sess. | 1 @ 2.00 | 2.00 | $ 42.00 |

| **STATE WITNESS** | Name and Address | | Per Diem & Mileage | | | Total |
|---|---|---|---|---|---|---|
| | Name _____ | Per Diem _____ | Days @ _____ | = _____ | | |
| | Address _____ | Mileage _____ | Miles @ _____ | = _____ | = _____ | |
| | Name _____ | Per Diem _____ | Days @ _____ | = _____ | | |
| | Address _____ | Mileage _____ | Miles @ _____ | = _____ | = _____ | |
| | Name _____ | Per Diem _____ | Days @ _____ | = _____ | | |
| | Address _____ | Mileage _____ | Miles @ _____ | = _____ | = _____ | |
| | Note: Attach copy of petition and court order authorizing travel and per diem of witnesses from out of state; also submit Travel Claim. | | | | | $ |

| **OTHER** | Jury--Attach Jury Bill (Meals & Lodging form), receipts for meals, lodging invoices, etc. | |
|---|---|---|
| | Diagnostic Fee (attach Order and Statement of Fee) | |
| | Interpreter Fee (attach invoice for translation time and judge's order) | |
| | Emergency Hospitalization (attach Petition, Certification, Invoices, Hospital Discharge Summary) | $ |

| **TOTAL** | | 323.00 |
|---|---|---|

I, **Teresa West** _____, Clerk of the Criminal Court for said County, certify that the foregoing is a full and perfect copy of the Bill of Costs. Accrue on the part of the statement and the Judgment of the Court against the State for payment of the same, in the case of the State vs. _____ as the same appears of record in my office.

Given under my hand at office, this *21* day of *Jan* , of the year 2014

*Marty Hughs*

# TENNESSEE DEPARTMENT OF CORRECTION
## FELONY CONVICTION
### STATE OF TENNESSEE, COUNTY OF: _____ Hamblen



**STATE OF TENNESSEE**
vs.

_Marty Hughs_

ate of Indictment: _11-1-12_

entence to Run Concurrently/Consecutively to Sentence in Case Number(s): _____

No.: _12 CR 243_    Charge: _Intro Contra Penal Fac_
Convicted of: _____
Sentence: _____
Date of Judgment: _1-21-14_

| Section Name | BILL OF COSTS | | | | | | | | Section Totals |
|---|---|---|---|---|---|---|---|---|---|
| **COURT CLERK FEES** | Filing Lower Court Record | @ | 2.00 | | Taking Bond | @ | 2.00 | | |
| | Filing Indictment | | 2.00 | | Qualify Each Surety | @ | 5.00 | | |
| | Dockets | @ | 2.00 | | Filing bond | @ | 2.00 | | |
| | Copy of Indictment: | | | | Notify Defense Attorney | @ | 2.00 | | |
| | On Minutes | | 2.00 | | Empaneling Jury | @ | 3.00 | | |
| | To Defendant | | 2.00 | | G.J. Subpoenas | @ | 5.00 | | |
| | Arraignment & Plea: | | | | State Subpoenas | @ | 2.00 | | |
| | Minute Entry | | 2.00 | | Continuances | @ | 5.00 | | |
| | Order Fixing Bail | | 2.00 | | Respitals | @ | 1.50 | | |
| | Enter Judgment on Minutes | | 3.00 | | Orders on Minutes | @ | 2.00 | | |
| | Bill of Costs on Execution Docket | | 3.00 | | Motions on Minutes | @ | 2.00 | | |
| | Fi Fa & Costs Thereon | @ | 5.00 | | Petitions on Minutes | @ | 2.00 | | |
| | Enter Judgment vs. State | | 3.00 | | Affidavits--Filed | @ | 2.00 | | |
| | Bill of Costs to Comptroller | | 2.50 | | Exhibits--Filed | @ | 2.00 | | |
| | Copy--Final Order to Comptroller | | 2.50 | | Rule Docket Entries | @ | 2.00 | | |
| | Certificate & Seal | | 5.00 | | Probate State Witness | @ | 1.50 | | |
| | Commitment to State Pen, County Jail or | | | | Capias Issued | @ | 5.00 | | |
| | Workhouse | @ | 3.50 | | Sci Fa Issued | @ | 5.00 | | |
| | Copy Indictment--State Pen | @ | 2.00 | | Copies Process Issued | @ | 2.00 | | |
| | Three Copies to Central Records for | | | | Copies--Other | @ | 2.00 | | |
| | Sentence of One Year or More In | | | | Filing--Other | @ | 2.00 | | |
| | County Jail or Workhouse | @ | 6.00 | | Appeal: | | | | |
| | Notice to State Election | | | | File Bill of Exceptions | @ | 2.00 | | |
| | Coordinator upon Conviction of | | | | Enter Order of Appeal | @ | 3.00 | | |
| | Infamous Crime | | | | File Procedendo | @ | 2.50 | | |
| | | | | | CLERK FLAT FEE--Felony Indictment | 1 @ | 250.00 | 250.00 | |
| | **CLERK FLAT FEE--VOP** | @ | 75.00 | | DATA-PROCESSING FEE--Indictment | 1 @ | 2.00 | 2.00 | $ 252.00 |
| **SHERIFF** | Arrest Fee (Per Arrest) | 1 @ | 10.00 | | G.J. Subpoenas | @ | 2.50 | | |
| | Ex Capias | @ | 10.00 | | State Subpoenas | @ | 2.50 | | |
| | Ex Attachment or Sci Fa | @ | 6.00 | | Nulla Bona Return Fi Fa | @ | 5.00 | | |
| | Taking bond | @ | .50 | | | | | | $12.50 |
| **OFFICER TRAVEL** | Inside State | | | | (Statement Attached) | | | | |
| | Outside State | | | | (Statement Attached) | | | | $ |
| **GENERAL SESSIONS COURT CLERK** | Affidavit & Warrant | @ | 5.00 | | State Subpoenas | @ | 5.00 | | |
| | Docketing | @ | 2.00 | | Mittimus | @ | 2.00 | | |
| | Judgment | @ | 3.00 | | Bond | @ | 2.00 | | |
| | Bill of Cost | @ | 3.00 | | CLERK FLAT FEE--General Sessions | 1 @ | 40.00 | 40.00 | |
| | | | | | DATA-PROCESSING FEE--Genl Sess. | 1 @ | 2.00 | 2.00 | $ 42.00 |

| STATE WITNESS | Name and Address | | Per Diem & Mileage | | | Total |
|---|---|---|---|---|---|---|
| | Name _____ | Per Diem | Days @ _____ | = _____ | | |
| | Address _____ | Mileage | Miles @ _____ | = _____ | = _____ | |
| | Name _____ | Per Diem | Days @ _____ | = _____ | | |
| | Address _____ | Mileage | Miles @ _____ | = _____ | = _____ | |
| | Name _____ | Per Diem | Days @ _____ | = _____ | | |
| | Address _____ | Mileage | Miles @ _____ | = _____ | = _____ | $ |
| | Note: Attach copy of petition and court order authorizing travel and per diem of witnesses from out of state; also submit Travel Claim. | | | | | |

| OTHER | | |
|---|---|---|
| | Jury--Attach Jury Bill (Meals & Lodging form), receipts for meals, lodging invoices, etc. | _____ |
| | Diagnostic Fee (attach Order and Statement of Fee) | _____ |
| | Interpreter Fee (attach invoice for translation time and judge's order) | _____ |
| | Emergency Hospitalization (attach Petition, Certification, Invoices, Hospital Discharge Summary) | _____ $ |

| **TOTAL** | | | | | | | **306.50** |
|---|---|---|---|---|---|---|---|

I, _____ **Teresa West** _____, Clerk of the Criminal Court for said County, certify that the foregoing is a full and perfect copy of the Bill of Costs. Accrue on the part of the statement and the Judgment of the Court against the State for payment of the same, in the case of the State vs.

_Marty Hughs_ _____ as the same appears of record in my office.

# IN THE CRIMINAL COURT FOR HAMBLEN COUNTY, TENNESSEE

State of Tennessee

vs.                                    Case No.:  15 CR 284

TERESA WEST
CIRCUIT COURT CLERK
HAMBLEN COUNTY

JUL 1 8 2016

BY _____

Martin E. Hughes

## Order

This matter came before the Court to be heard on June 24, 2016 upon petition for post conviction relief filed by Martin E. Hughes.  The Court listened to the arguments of counsel, testimony of attorney Clifton Barnes, Martin E. Hughes, Gena Jackson, Tracy Short, and Larry Yount, as well as reviewed the exhibits and considering the record as a whole from which the Court makes the following findings.

1. The Court finds that Mr. Hughes' attorney Clifton Barnes discussed the discovery with Mr. Hughes as well as specifically reviewed the statement of Gena Jackson, the victim in the Aggravated Assault case, with him.  Mr. Barnes testified that he received complete discovery in the case and discussed the discovery with Mr. Hughes, and Mr. Hughes does not deny that Mr. Barnes went over the discovery with him and discussed the evidence in the case.  Mr. Hughes, however, complains that he should have been provided with a complete copy of the discovery himself and that Mr. Barnes was deficient in failing to do so.  The Court finds Mr. Hughes position to be unpersuasive in that it is undisputed that Mr. Barnes discussed the discover with Mr. Hughes including the statement of Gena Jackson that Mr. Hughes takes issue with.  There is no evidence that Mr. Hughes was prejudiced in anyway by not physically having a copy of the discovery in his jail cell.  The Court finds that there was nothing particularly complicated or difficult to comprehend in the discovery as the proof was essentially that of the victim/witness statements.

2. The Court finds that Attorney Barnes discussed the ramifications of a community corrections sentence with Mr. Hughes if he chose to accept the State's offer of no jail time as part of a package deal.  The Court finds that Mr. Hughes expressed his feelings that the victim would not ultimately go through with testifying against him to Mr. Barnes; but Mr. Hughes decided to accept the plea offer of community corrections after discussing all the options and the risks

associated with going to trial in various cases pending against Mr. Hughes at the time. It is the opinion of the Court that while one can always second guess what might have happened if this had been done or if that had been done in any case that from the proof introduced in Court there is no basis for the Court to find that Mr. Barnes was ineffective in his representation of Mr. Hughes.

3. The Court heard the testimony of Gena Jackson and she confirmed that the statement provided to Detective Bob Ellis was true and correct except for the fact she wanted to clarify one section of the statement that did not alter the substantive meaning of the statement.

4. The Court heard the testimony of Tracy Short and Mr. Short's testimony was that the incident was too long ago for her to remember much about it and that she did not give a statement to anyone back at the time of the incident because she was a minor. The Court noted from the demeanor of Ms. Short that she wanted to help Mr. Hughes through her testimony but provided nothing that could be considered favorable evidence to Mr. Hughes.

5. Mr. Larry Yount testified that he provided a waiver form to Mr. Hughes telling him that he could sign the form and waive his right to a community corrections hearing and accept his current sentence or he could request to have a hearing before the Court during which he could possibly be resentenced to a higher amount but that would be up to the Court. The waiver form informs the defendant of the right to an attorney and the right to a hearing. Mr. Hughes executed the form but later attempted to recant said waiver and ultimately had a hearing in front of Judge John Dugger. The transcript of said hearing is contained in the record. It is also important to note from the record that Judge Dugger advised Mr. Hughes during the plea allocution that he could be resentenced to a higher amount if he violated community corrections. Furthermore, the Court notes that not only did Mr. Hughes waive his community corrections hearing, but now he has been convicted of the felony charges that violated his community corrections sentence after a jury trial in Hawkins County, TN.

6. The Court heard the testimony of Mr. Hughes and from said testimony finds that while Mr. Hughes would certainly like to be released from custody and feels like that he should now have the opportunity to go to trial on all of his cases that nothing from the poof presented in Court or in the record rises even close to the level necessary to grant Mr. Hughes the relief requested. It is clear that Mr. Hughes is upset about how his plea agreement has ultimately turned out but that is of his own doing. Mr. Hughes was placed on community corrections and violated a clear condition of said alternative sentence when he was convicted of new felony charges while on community corrections. Moreover, Mr. Hughes takes the position that he does not want to have a community corrections violation hearing because he has subsequently been convicted of the felony charges that violated his community corrections sentence but instead wants to go all the way back to the beginning and have the Court start the whole process over with a trial on all the charges. There is simply no basis in the proof to grant such a request.

7. Considering all the proof that came before the Court and the record as a whole, the Court finds that there is insufficient proof to grant Mr. Hughes any form of post conviction relief; therefore, his petition for post conviction relief is dismissed.

ENTER this the 14 day of July, 2016.

_____
Alex E. Pearson, Circuit Judge

IN THE CIRCUIT COURT FOR TROUSDALE COUNTY, TENNESSEE

AT HARTSVILLE

FILE
KIM TAYLOR
1:39 pm
APR 0 9 2018
CIRCUIT COURT CLERK
BY Kim Taylor

MARTIN HUGHES,             )
                          )
        Petitioner,       )
                          )
v.                        )        NO. 2018-CV-4696
                          )
STATE OF TENNESSEE,       )
                          )
        Respondent,       )

**O R D E R**

This cause came on to be heard upon the Court's examination of the Petition for Writ of

Habeas Corpus; attached judgments; excerpts of transcripts of the sentencing hearing; multiple

orders from the Criminal Court for Hamblin County; Court of Appeals opinions; and the entire

record.

### STATEMENT OF THE LAW OF HABEAS CORPUS

The purpose of the habeas corpus petition is to contest a void, not merely a voidable,

judgment. Taylor v. State, 995 S.W. 2d 78 (Tenn.1999). Habeas corpus relief is available in

Tennessee only when it appears on the face of the judgment or the record that the trial court was

without jurisdiction to convict or sentence the petitioner or that the sentence has expired. Archer

v. State, 851 S.W. 2d 157 (Tenn.1993). In short, a void judgment is one that is invalid on the face

of the judgment or the record "because the Court did not have the statutory authority to render

such a judgment". Summers v. State, 212 S.W.3rd 251 (Tenn.2007). The burden is on the

petitioner to establish that the judgment is void or that the sentence has expired. State ex rel.

Kuntz v. Bomar, 214 Tenn.500, 381 S.W. 2d 290 (1964). Further, the trial court may dismiss a

petition for writ of habeas corpus without an evidentiary hearing and without appointing an attorney when the petition does not state a cognizable claim for relief. Hickman v. State, 153 S.W. 3d 16(Tenn.2004).

STATEMENT OF THE CASE

Although the petitioner in this case has attached to the Petition for Habeas Corpus multiple documents, the key issues raised in the petition are twofold. First, the petitioner alleges that the sentence has expired. Second, the petitioner alleges ineffective assistance of counsel. As stated above, habeas corpus relief is only designed to provide relief when (1) the sentence is void, and (2) when a sentence has expired. Habeas corpus relief is not designed to address the issue of post-conviction relief. Consequently this Court will address only that which is properly before it. The issue is whether or not the judgment is void or that the sentence has expired.

Embedded in the petition is the petitioner's suggestion that his sentence has expired. This relates only as to the Hamblin County Criminal Court sentence. The petitioner's own supporting documentation includes the judgments from the Criminal Court for Hamblin County rendered on January 21, 2014. Those judgments provide pre-trial jail credits of 93 days. The same judgments indicate that this was pursuant to a plea agreement. The defendant received an effective sentence of five (5) years from the Criminal Court for Hamblin County. The sentence on the face of the judgments has clearly not expired. The expiration date is January 21, 2019. The sentence has not expired notwithstanding the Range I nature of the sentence. To reiterate, the sentences have not expired, consequently, the petitioner is not entitled to relief.

The judgments in this case are not void and as previously discussed the judgments on their face do not indicate an expiration of sentence. Accordingly, all relief sought by the petitioner is denied.

IT IS SO ORDERED this the 5th day of April, 2018.



JOHN D. WOOTTEN, JR.
CIRCUIT JUDGE


Original sent to:   Kim Taylor, Circuit Court Clerk, 200 East Main Street, Room 5, Hartsville, TN 37074

Copy sent to:       Martin Hughes, TDOC # 288333, Trousdale Turner Correctional Center, 140 Macon Way, Hartsville, TN 37074



Court of Criminal Appeals – Middle Division
Appellate Court Clerk's Office - Nashville
100 Supreme Court Building
401 7th Avenue North
Nashville, TN 37219-1407
(615) 741-2681

Martin Ellison Hughes #288333
Trousdale Turner Correctional Center
140 Macon Way
Hartsville TN 37074

Re: M2018-00858-CCA-R3-HC - MARTIN E. HUGHES v. STATE OF TENNESSEE

Notice: Docket Activity - Docketed (On Briefs)

Attached to this cover letter, please find the referenced notice issued in the above case. If you
have any questions, please feel free to call our office at the number provided.

cc:  Martin Ellison Hughes
     David H. Findley

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARTIN E. HUGHES v. STATE OF TENNESSEE

**Trousdale County Circuit Court**
**2018-CV-4696**

**No. M2018-00858-CCA-R3-HC**

**Date Printed: 11/16/2018**                    **Notice / Filed Date: 11/16/2018**

---

### NOTICE - Docket Activity - Docketed (On Briefs)

---

This case has been docketed as **an on-briefs case**. You will receive another notice when an opinion is filed.

James M. Hivner
Clerk of the Appellate Courts

Court of Criminal Appeals – Middle Division
Appellate Court Clerk's Office - Nashville
100 Supreme Court Building
401 7th Avenue North
Nashville, TN 37219-1407
(615) 741-2681

Martin Ellison Hughes #288333
Trousdale Turner Correctional Center
140 Macon Way
Hartsville TN 37074

Re: M2018-00858-CCA-R3-HC - MARTIN E. HUGHES v. STATE OF TENNESSEE

Notice: Brief - Reply Brief Filed

Attached to this cover letter, please find the referenced notice issued in the above case. If you have any questions, please feel free to call our office at the number provided.

cc:  Martin Ellison Hughes
     David H. Findley

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARTIN E. HUGHES v. STATE OF TENNESSEE

### Trousdale County Circuit Court
### 2018-CV-4696

### No. M2018-00858-CCA-R3-HC

**Date Printed: 10/19/2018**                    **Notice / Filed Date: 10/18/2018**

---

### NOTICE - Brief - Reply Brief Filed

---

The Appellate Court Clerk's Office has entered the above action.

James M. Hivner
Clerk of the Appellate Courts

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

MARTIN HUGHES,　　　　　　　)
　　　　　　　　　　　　　　　)
　　　Appellant,　　　　　　　　)
　　　　　　　　　　　　　　　)　No. M2018-00858-CCA-R3-HC
v.　　　　　　　　　　　　　　)　TROUSDALE COUNTY
　　　　　　　　　　　　　　　)
STATE OF TENNESSE,　　　　　)
　　　　　　　　　　　　　　　)
　　　Appellee.　　　　　　　　)

## ON APPEAL AS OF RIGHT FROM THE JUDGMENT OF THE TROUSDALE COUNTY CIRCUIT COURT

## BRIEF OF THE STATE OF TENNESSEE

**HERBERT G. SLATERY III**
**Attorney General & Reporter**

**DAVID H. FINDLEY**
**Senior Assistant Attorney General**
**Criminal Appeals Division**
**P.O. Box 20207**
**Nashville, Tennessee  37202**
**(615) 741-4350**
**B.P.R. No. 020075**
**David.Findley@ag.tn.gov**

# TABLE OF CONTENTS

STATEMENT OF THE ISSUE PRESENTED FOR REVIEW ...............5

STATEMENT OF THE CASE AND FACTS ...........................................6

ARGUMENT .........................................................................................9

    Because the Petition Did Not Show that the Sentence was
    Expired or that it was Illegal, the Trial Court Properly
    Dismissed the Petition. ...................................................................9

CONCLUSION.....................................................................................12

CERTIFICATE OF COMPLIANCE.......................................................13

Case 3:19-cv-00199    Document 1    Filed 03/04/19    Page 29 of 92 PageID #: 29

# TABLE OF AUTHORITIES

## CASES

*Belcher v. Sexton,*
   No. E2013-01325-CCA-R3-HC, 2014 WL 890947
   (Tenn. Crim. App. Mar. 6, 2014) ..................................................... 7

*Davis v. State,*
   313 S.W.3d 751 (Tenn. 2010) ..................................................... 9,10

*Edwards v. State,*
   269 S.W.3d 915 (Tenn. 2008) ..................................................... 9,10

*Robert L. Ferrell v. State,*
   No. 01CO1-9610-CR-00454, 1997 WL 578999
   (Tenn. Crim. App. Sept. 19, 1997) ................................................ 10

*Flowers v. Traughber,*
   910 S.W.2d 468 (Tenn. Crim. App. 1995) ...................................... 10

*Lawrence Allen Hodge v. David Mills, Warden,*
   No. W2004-01107-CCA-R3-HC, 2004 WL 2866970
   (Tenn. Crim. App. Dec. 13, 2004).................................................. 10

*Hogan v. Mills,*
   168 S.W.3d 753 (Tenn. 2005) ........................................................ 10

*State v. Hughes,*
   No. E2017-01953-CCA-R3-CD, 2018 WL 2175899
   (Tenn. Crim. App. May 11, 2018).................................................... 7

*State v. Hughes,*
   No. E2016-01415-CCA-R3-PC, 2017 WL 2423162
   (Tenn. Crim. App. June 5, 2017)................................................... 6,7

*State v. Hughes,*
   No. E2015-01907-CCA-R3-CD, 2016 WL 7428733
   (Tenn. Crim. App. Dec. 23, 2016).................................................... 7

*Stewart v. Schofield,*
   368 S.W.3d 457 (Tenn. 2012) ........................................................ 11

3

# STATUTES

Tenn. Code. Ann. § 29-21-101 *et. seq.* ...................................................... 9

Tenn. Code. Ann. § 29-21-109 .................................................................. 9

4

## STATEMENT OF THE ISSUE PRESENTED FOR REVIEW

Whether the post-conviction court properly dismissed the petitioner's petition for habeas relief.

## STATEMENT OF THE CASE AND FACTS

The defendant appeals the denial of his petition seeking habeas corpus relief on a five-year sentence arising from a plea agreement. The defendant raised various claims in his petition, but on appeal, appears only to contend that TDOC is incorrectly calculating his sentence and parole hearing date.

As best as can be determined, the five-year sentence arises from a plea agreement in 2014. The defendant pled guilty on January 21, 2014, to two counts of aggravated assault; introducing contraband into a penal institution; facilitation of possession of a schedule II controlled substance; possession of marijuana with the intent to sell or deliver; possession of drug paraphernalia; a second offense of driving under the influence of an intoxicant; possession of a firearm while intoxicated; and vandalism of property valued under $500. *See State v. Hughes*, No. E2016-01415-CCA-R3-PC, 2017 WL 2423162 (Tenn. Crim. App. June 5, 2017), *perm. app. denied* (Tenn. Oct. 3, 2017). The defendant received an aggregate five-year sentence, to be served at 30 percent release eligibility, with credit for time served and the remainder of the sentence to be served through the community corrections program. *Id.*

While out on community corrections, the defendant committed two new aggravated assaults and as a result, had his community corrections revoked and his incarcerative sentence reinstated. *Id.* at *1. The defendant then sought post-conviction relief on the original plea, contending that his plea was not knowing and voluntary due to ineffective assistance of counsel. *Id.* This Court affirmed the denial of post-conviction relief. *Id.*

6

The defendant was subsequently convicted in a jury trial of the two new aggravated assault charges and sentenced to concurrent terms of ten and 15 years. *Id.* This Court reversed the defendant's ten and 15-year sentences due to lack of counsel and remanded back for a new sentencing hearing. *See State v. Hughes*, No. E2015-01907-CCA-R3-CD, 2016 WL 7428733, at *1 (Tenn. Crim. App. Dec. 23, 2016), *no perm. app. filed.*

After the trial court conducted the remand sentencing hearing, this Court, on May 18, 2018, affirmed the trial court's remand sentencing and upheld the concurrent sentences of ten and 15 years. *See State v. Hughes*, No. E2017-01953-CCA-R3-CD, 2018 WL 2175899 (Tenn. Crim. App. May 11, 2018).

However, two months prior to this Court's opinion on May 11, the defendant filed the instant petition for habeas corpus relief, seeking relief on the five-year plea bargain sentence. (I, 1-108.) In the petition, the defendant contended that his five-year sentence was illegal because he did not receive his pretrial jail credits; he cited a 2014 case, *Belcher v. Sexton*, No. E2013-01325-CCA-R3-HC, 2014 WL 890947, at *3 (Tenn. Crim. App. Mar. 6, 2014), in support of his claim. (I, 2.) He contended that his sentence was expired, and also raised a laundry list of complaints related to ineffective assistance of counsel. (I, 2.) The defendant attached voluminous documents to his petition but did not provide any references to them in his petition. (I, 1-108.)

On April 9, 2018, the trial court dismissed the petition. (II, 174-76.) The court noted that constitutional claims were not cognizable in a habeas petition and consequently, the court addressed only the expired sentence issue. (II, 175.) The court found that the defendant entered his

7

guilty plea on January 21, 2014, and the judgments provided 93 days of pretrial jail credit. (II, 175.) The court concluded that on the face of the documents provided, that the defendant's five-year sentence would not expire until January 21, 2019. (II, 175.)

The defendant initially filed his notice of appeal with the trial court clerk on April 23, 2018. (II, 192.) The clerk apprised the defendant of the new rules concerning appellate review, and the defendant filed his notice of appeal with this Court on May 10, 2018. (II, 191, 194.)

# ARGUMENT

**Because the Petition Did Not Show that the Sentence was Expired or that it was Illegal, the Trial Court Properly Dismissed the Petition.**

On appeal, the defendant's only complaint is that TDOC is incorrectly calculating the expiration of his five-year sentence and erred in denying him a parole hearing. However, these complaints are not cognizable in a habeas petition. Consequently, the trial court properly dismissed the petition.

The writ of habeas corpus is guaranteed by article I, section 15 of the Tennessee Constitution. See Tenn. Code. Ann. § 29-21-101 *et. seq*. While the statutory language "appears broad, in fact, '[h]abeas corpus under Tennessee law has always been, and remains, a very narrow procedure.'" *Edwards v. State*, 269 S.W.3d 915, 919 (Tenn. 2008) (quoting *Archer v. State*, 851 S.W.2d 157, 162 (Tenn. 1993)). Relief is only available when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Archer,* 851 S.W.2d at 164. Habeas corpus is not a mechanism to "'correct errors of law or fact committed by a court in the exercise of its jurisdiction.'" *Davis v. State,* 313 S.W.3d 751, 759 (Tenn. 2010). The habeas corpus court has the authority to dismiss the petition if the petition shows that the petitioner "would not be entitled to any relief." Tenn. Code. Ann. § 29-21-109. The granting or denial of a petition for habeas corpus relief is a question of law reviewed de novo with no

9

presumption of correctness afforded to the trial court's findings or conclusions. *Edwards*, 269 S.W.3d at 919.

The defendant argues that he is entitled to a parole hearing and that TDOC is incorrectly calculating his five-year sentence. However, a sentence does not expire merely because the release eligibility date has been reached. *Davis*, 313 S.W.3d at 758 ("[P]arole does not actually reduce the parolee's sentence."); *Lawrence Allen Hodge v. David Mills, Warden*, No. W2004-01107-CCA-R3-HC, 2004 WL 2866970, at *1 (Tenn. Crim. App. Dec. 13, 2004) ("Parole does not cause the sentence to expire or terminate, but is merely a conditional release from confinement."). On the contrary, it appears from the face of the judgments and record that the defendant's five-year sentence has not yet expired.

The defendant may not challenge the denial of parole or the calculation of his release eligibility through the writ of habeas corpus. *Hogan v. Mills*, 168 S.W.3d 753, 757 n.1 (Tenn. 2005) ("Any challenge to the Board of Paroles' calculation of [the petitioner's] effective sentence must be presented in an administrative proceeding, not a habeas corpus action."); *Robert L. Ferrell v. State*, No. 01CO1-9610-CR-00454, 1997 WL 578999, at *1 (Tenn. Crim. App. Sept. 19, 1997) (concluding that the petitioner's claim that his plea agreement was violated by the Board's failure to consider him for parole after service of thirty percent of his sentence was not cognizable in habeas corpus); *Flowers v. Traughber*, 910 S.W.2d 468, 470 (Tenn. Crim. App. 1995) (noting that the petitioner would not be entitled to habeas corpus relief from allegedly arbitrary and capricious denial of parole).

10

The defendant's sentence calculation claim likewise is not cognizable in a habeas petition. An inmate's exclusive remedy in the event of a grievance about TDOC's sentence calculation is pursuant to the Uniform Administrative Procedures Act. *See Stewart v. Schofield*, 368 S.W.3d 457, 464 (Tenn. 2012) (citing Tenn. Code. Ann. §§ 4-5-101 *et seq.*) Accordingly, the defendant is not entitled to relief on appeal.

11

## CONCLUSION

For the reasons stated, the judgment of the Trousdale Circuit Court should be affirmed.

Respectfully submitted,

HERBERT SLATERY III
Attorney General & Reporter

/s/ David H. Findley
Senior Assistant Attorney General
Criminal Appeals Division
P.O. Box 20207
Nashville, Tennessee 37202
(615) 741-4350
David.Findley@ag.tn.gov
B.P.R. No. 020075

12

## CERTIFICATE OF COMPLIANCE

In accordance with Tenn. Sup. Ct. R. 46, Rule 3.02, the total number of words in this brief, excluding the Title/Cover page, Table of Contents, Table of Authorities, and this Certificate of Compliance, is 1,298. This word count is based upon the word processing system used to prepare this brief.

/s/ David H. Findley
DAVID H. FINDLEY
Senior Assistant Attorney General

RE : M2018-00858-CCA-R3-HC             DATE : 10-16-18

**\*\*MOTION IN OPPOSITION OF STATE'S RESPONSE / BRIEF \*\***

1.) THE ISSUES AT HAND IN THIS APPEAL CLEARLY STATES THAT IF
CORRECTLY APPLIED BY T.D.O.C. THE *SENTENCE CALCULATIONS OR A TIME
AUDIT / see BELCHER V. SEXTON  cited case* THAT ONCE APPLIED CORRECTLY
DUE – PROCESS ATTACHES IN A CASE WHERE SENTENCE CALCULATION
CREDITS WOULD *EXPIRE A SENTENCE* , WHICH IS COGNIZABLE IN THE
PROPER VEHICLE HERE IN HABEAS CORPUS NOW AT HAND.
2.) THAT ALSO DEFENDANT HUGHES IN THIS APPEAL NOW IN DIRECT
OPPOSITION OF THE STATE'S RESPONSE THAT HUGHES EXCLUSIVE REMEDY
IS THROUGH THE *UNIFORM ADMINISTRATIVE PROCEDURE ACT,* AN ATTEMPT
WAS IN FACT MADE TO DO THIS IN THIS CASE, see M2016-02216-CCA-R3-CV or
16-681-IV IN CHANCERY COURT NASHVILLE WHERE ONCE FILED DEFENDANT
HUGHES WAS SEVERELY MISTREATED FOR OVER 4 MO.'S ON *CLOSE
SECURITY* IN WHICH HUGHES ATTORNEY OF RECORD IS BEING FORMALLY
CHARGED IN ALLOWING THIS TO HAPPEN.
3.)PETITIONER RESPECTFULLY REQUESTS THAT THE STATE AGAIN RE-
CALCULATE PETIONER HUGHES' SENTENCE AND FAVORABLY DECIDE THAT
IF APPLIED CORRECTLY TO THE CORRECT SENTENCE *SENTENCE
REDUCTION CREDITS WOULD EXPIRE THE CURRENT SENTENCE HE PETITIONS
HERE WITHIN THIS HABEAS CORPUS NOW!* THAT DUE-PROCESS ALLOWS
THESE CREDITS TO BE APPLIED TO THE CORRECT SENTENCE WHICH
WOULD EXPIRE THE SENTENCE THAT IS BEING CHALLENGED HEREIN THIS
PETITION.

RESPECTFULLY SUBMITTED,

_____

# CRIMINAL COURT OF APPEALS
## MIDDLE DIVISION
## @ NASHVILLE , TN.

RE: M2018-00858-CCA-R3-HC                                    DATE : 10-20-18


**HUGHES , M. #288333**
**Petitioner**
**V.**


**STATE  of TENNESSEE**
**Respondent**

### SUPPLEMENT RESPONSE TO STATES REPLY BRIEF


1.) This is a very significant date in time as far as this case at hand shows on record, If the STATE
of TENNESSEE will please allow this court to actually look clearly at the  original judgment
sheets that state my sentence at issue here began officially on 10-20-13 with the (93 days) given
on "pre-trial" jail credits, <see Belcher v Sexton cited case.>. The STATE of TENNESSEE ,
this Court, and every person involved such as T.D.O.C. / CCA , Etc. will find it is factually,
legally, and mathematically impossible to get a January 21st 2019 Expiration Date from any 5yr.
Sentence beginning on 10-20-13.

2.) Attorney Misconduct and facility mistreatment caused a failure of case # M2016-02212-CCA-
R3-CV in the pro se attempt to obtain help from the *UNIFORM ADMINISTRATIVE*
*PROCEDURE ACT* named by the STATE of TENNESSEE as the *Exclusive Remedy* in the
latest response of this case.
*Petitioner Hughes' is entitled to Habeas Corpus relief requested on this case at hand,as he is*
*still serving now on this date which is in fact EXPIRED.   Respectfully Submitted,*

21



Court of Criminal Appeals – Middle Division
Appellate Court Clerk's Office - Nashville
100 Supreme Court Building
401 7th Avenue North
Nashville, TN 37219-1407
(615) 741-2681

Martin Ellison Hughes #288333
Trousdale Turner Correctional Center
140 Macon Way
Hartsville TN 37074

Re: M2018-00858-CCA-R3-HC - MARTIN E. HUGHES v. STATE OF TENNESSEE

Notice: Opinion - Filed

Attached to this cover letter, please find the referenced notice issued in the above case. If you have any questions, please feel free to call our office at the number provided.

cc:   Martin Ellison Hughes
      David H. Findley
      Judge John D. Wootten, Jr.
      District Attorney General - 15th Judicial District

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MARTIN E. HUGHES v. STATE OF TENNESSEE

### Trousdale County Circuit Court
### 2018-CV-4696

### No. M2018-00858-CCA-R3-HC

Date Printed: 01/02/2019                    Notice / Filed Date: 01/02/2019

---

### NOTICE - Opinion - Filed

---

The Appellate Court Clerk's Office has entered the above action.

If an application for permission to appeal in the Tennessee Supreme Court is made pursuant to Rule 11 of the Tennessee Rules of Appellate Procedure, you must file an original and five copies of the application with the Appellate Court Clerk. ** You must attach a copy of the Opinion/Order of the Court of Criminal Appeals to each application. The application must be filed within 60 days after the Court's judgment was filed.

**No extensions will be granted.**

James M. Hivner
Clerk of the Appellate Courts

FILED
01/02/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

## MARTIN HUGHES v. STATE OF TENNESSEE

### Circuit Court for Trousdale County
### No. 2018-CV-4696

---

### No. M2018-00858-CCA-R3-HC

---

### JUDGMENT

Came the Petitioner, Martin Hughes, pro se, and the State, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court for Trousdale County; and upon consideration thereof, this court is of the opinion that no error exists in the judgment of the habeas corpus court.

It is, therefore, ordered and adjudged by this court that the judgment of the habeas corpus court is AFFIRMED, and the case is remanded to the Circuit Court for Trousdale County for execution of the judgment of that court and for collection of costs accrued below.

It appearing that the Petitioner, Martin Hughes, is indigent, the costs of the appeal are taxed to the State of Tennessee.

Camille R. McMullen, Judge
James Curwood Witt, Jr., Judge
J. Ross Dyer, Judge

FILED
01/02/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

## MARTIN HUGHES v. STATE OF TENNESSEE

**Circuit Court for Trousdale County**
**No. 2018-CV-4696**

---

### No. M2018-00858-CCA-R3-HC

---

### JUDGMENT

Came the Petitioner, Martin Hughes, pro se, and the State, by the Attorney General, and this case was heard on the record on appeal from the Circuit Court for Trousdale County; and upon consideration thereof, this court is of the opinion that no error exists in the judgment of the habeas corpus court.

It is, therefore, ordered and adjudged by this court that the judgment of the habeas corpus court is AFFIRMED, and the case is remanded to the Circuit Court for Trousdale County for execution of the judgment of that court and for collection of costs accrued below.

It appearing that the Petitioner, Martin Hughes, is indigent, the costs of the appeal are taxed to the State of Tennessee.

Camille R. McMullen, Judge
James Curwood Witt, Jr., Judge
J. Ross Dyer, Judge

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 11, 2018

**MARTIN HUGHES v. STATE OF TENNESSEE**

Appeal from the Circuit Court for Trousdale County
No. 2018-CV-4696   John D. Wootten, Jr., Judge

_____

No. M2018-00858-CCA-R3-HC
_____

The Petitioner, Martin Hughes, appeals the Trousdale County Circuit Court's summary dismissal of his petition for writ of habeas corpus. In 2014, the Petitioner entered a guilty plea to several offenses and received an effective five-year sentence. He was later convicted of two new offenses and received concurrent sentences of ten and fifteen years, served consecutively to his five-year sentence. On appeal, the Petitioner alleges that his five-year sentence has expired and that he is being held illegally because the Tennessee Department of Correction (TDOC) incorrectly calculated this sentence and erred in denying him a parole hearing. We affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and J. ROSS DYER, JJ., joined.

Martin Hughes, Hartsville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On January 21, 2014, the Petitioner entered a guilty plea in the Hamblen County Criminal Court to two counts of aggravated assault, introducing contraband into a penal institution, facilitation of possession of a Schedule II controlled substance, possession of marijuana with the intent to sell or deliver, possession of drug paraphernalia, driving under the influence of an intoxicant (DUI)—second offense, possession of a firearm while intoxicated, and vandalism of property valued under $500. State v. Martin E. Hughes, No. E2016-01415-CCA-R3-PC, 2017 WL 2423162, at *1 (Tenn. Crim. App.

June 5, 2017), perm. app. denied (Tenn. Oct. 3, 2017). Pursuant to this plea agreement, the Petitioner received an effective sentence of five years at thirty percent release eligibility, with 93 days of pre-trial jail credit and service of the remainder of the sentence through the community corrections program. Id.

While serving this sentence, the Petitioner committed two new aggravated assaults in Hawkins County, which resulted in the revocation of his community corrections sentence and the imposition of a sentence in confinement. Id. The Petitioner then sought post-conviction relief, claiming that he had received ineffective assistance of counsel and that his plea was unknowing and involuntary based on newly discovered evidence. Id. The post-conviction court denied relief, and this court affirmed. Id.

On July 24, 2015, the Petitioner was convicted by a Hawkins County Criminal Court jury of the two new aggravated assault charges, and on September 8, 2015, he was sentenced to concurrent sentences of ten and fifteen years for these convictions, served consecutively to the sentence the Petitioner received for his Hamblen County community corrections violation.[1] State v. Marty E. Hughes, No. E2015-01907-CCA-R3-CD, 2016 WL 7428733, at *1 (Tenn. Crim. App. Dec. 23, 2016). On appeal, this court vacated these new aggravated assault judgments and remanded the case for appointment of new counsel and a new sentencing hearing. Id. at *8.

Following the remand, the Hawkins County Criminal Court conducted a new sentencing hearing and again imposed concurrent sentences of ten and fifteen years for these convictions on May 24, 2017.[2] State v. Martin Ellison Hughes, No. E2017-01953-CCA-R3-CD, 2018 WL 2175899, at *3 (Tenn. Crim. App. May 11, 2018). On May 11, 2018, this court upheld these sentences. Id. at *5.

On March 20, 2018, less than two months prior to this court's May 11, 2018 opinion upholding the resentencing on the Hawkins County aggravated assault convictions, the Petitioner filed the instant pro se petition for habeas corpus relief, alleging that he was illegally restrained of his liberty by the five-year sentence he

---

[1] Although the Petitioner attached only a single page of the transcript of his September 8, 2015 sentencing hearing to his habeas corpus petition, we have taken judicial notice of the complete transcript that was a part of the appellate record in the Petitioner's first appeal of his two Hawkins County aggravated assault convictions. This September 8, 2015 transcript shows that the trial court ordered that the concurrent sentences of ten and fifteen years for the two Hawkins County aggravated assault convictions be served consecutively to the sentence the Petitioner received for his Hamblen County community corrections violation.

[2] We also have taken judicial notice of the judgments that were entered following resentencing for the two Hawkins County aggravated assault convictions. As noted, these judgments were a part of the record in the Petitioner's direct appeal of his two aggravated assault convictions following resentencing.

- 2 -

received pursuant to his January 21, 2014 plea agreement. The Petitioner asserted that he was entitled to habeas corpus relief because his five-year sentence had expired in light of his 93 days of pre-trial jail credit. The Petitioner, citing <u>Michael W. Belcher v. David Sexton, Warden</u>, No. E2013-01325-CCA-R3-HC, 2014 WL 890947, at *3 (Tenn. Crim. App. Mar. 6, 2014), also claimed that this sentence was illegal pursuant to Tennessee Criminal Procedure Rule 36.1, that this sentence violated his constitutional and civil rights, and that he received ineffective assistance of counsel. Although the Petitioner attached approximately 100 pages of documents to his petition, he never explained the significance of the majority of these documents.

On March 23, 2018, the Petitioner filed a motion for the appointment of counsel. He asked that counsel be appointed "to possibly amend [his] petition or subsequent motions."

On April 9, 2018, the habeas corpus court summarily dismissed the petition without an evidentiary hearing and without appointing counsel. After determining that several of the Petitioner's claims were not cognizable in a habeas corpus proceeding, the court addressed the Petitioner's sole remaining issue regarding whether his effective five-year sentence had expired. The court found that the Petitioner entered his guilty plea on January 21, 2014, and that the relevant judgments reflected an effective five-year sentence with 93 days of pre-trial jail credit. Based on the face of the judgments, it observed that the Petitioner's five-year sentence would not expire until January 21, 2019. The court then held that because this five-year sentence had not yet expired, the Petitioner had failed to state a cognizable claim for relief.

On April 23, 2018, the Petitioner attempted to file a pro se notice of appeal in the Circuit Court of Trousdale County. The trial court clerk provided written notice to the Petitioner regarding the changes to the appellate rule regarding notices of appeal, and the Petitioner filed his notice of appeal in this court on May 10, 2018. <u>See</u> Tenn. R. App. P. 4(a), Transitional Provision (stating that "[i]f the attempted filing of the notice of appeal with the trial court clerk was received by the trial court clerk within 30 days after the date of entry of the judgment, the party attempting to file the notice with the trial court clerk shall have 20 additional days, counting from the 30th day after the date of entry of the judgment, within which to file the notice of appeal with the appellate court clerk").

## ANALYSIS

On appeal, the Petitioner claims that his five-year sentence has expired and that he is being held illegally because the TDOC incorrectly calculated this sentence and erred in denying him a parole hearing. The State counters that these claims are not cognizable in

- 3 -

a habeas corpus proceeding. We agree with the State and conclude that the habeas corpus court's summary dismissal of the petition was proper.

"The determination of whether habeas corpus relief should be granted is a question of law." Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007) (citing Hart v. State, 21 S.W.3d 901, 903 (Tenn. 2000)). Accordingly, our review is de novo without a presumption of correctness. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007) (citing State v. Livingston, 197 S.W.3d 710, 712 (Tenn. 2006)).

A prisoner is guaranteed the right to habeas corpus relief under Article I, section 15 of the Tennessee Constitution. Tenn. Const. art. I, § 15; see T.C.A. §§ 29-21-101 to -130. The grounds upon which a writ of habeas corpus may be issued, however, are very narrow. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). "Habeas corpus relief is available in Tennessee only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993) (quoting State v. Galloway, 45 Tenn. (5 Cold.) 326, 337 (1868)). A habeas corpus petition challenges void and not merely voidable judgments. Summers, 212 S.W.3d at 255 (citing Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992)). "A void judgment is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired." Taylor, 995 S.W.2d at 83 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998); Archer, 851 S.W.2d at 161-64). However, a voidable judgment "is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." Summers, 212 S.W.3d at 256 (citing Dykes, 978 S.W.2d at 529; Archer, 851 S.W.2d at 161-64). Thus, "[i]n all cases where a petitioner must introduce proof beyond the record to establish the invalidity of his conviction, then that conviction by definition is merely voidable, and a Tennessee court cannot issue the writ of habeas corpus under such circumstances." State v. Ritchie, 20 S.W.3d 624, 633 (Tenn. 2000). It is the petitioner's burden to demonstrate, by a preponderance of the evidence, that the judgment is void or that the confinement is illegal. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). If this burden is met, the Petitioner is entitled to immediate release. State v. Warren, 740 S.W.2d 427, 428 (Tenn. Crim. App. 1986) (citing Ussery v. Avery, 432 S.W.2d 656, 658 (Tenn. 1968)).

If the habeas corpus court determines from the petitioner's filings that no cognizable claim has been stated and that the petitioner is not entitled to relief, the petition for writ of habeas corpus may be summarily dismissed. Hickman v. State, 153 S.W.3d 16, 20 (Tenn. 2004). Further, the habeas corpus court may summarily dismiss the petition without the appointment of a lawyer and without an evidentiary hearing if

- 4 -

there is nothing on the face of the judgments to indicate that the convictions are void. Summers, 212 S.W.3d at 261; Hickman, 153 S.W.3d at 20. "The petitioner bears the burden of providing an adequate record for summary review of the habeas corpus petition, including consideration of whether counsel should be appointed." Summers, 212 S.W.3d at 261.

Additionally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Id. at 259. Tennessee Code Annotated section 29-21-107(a) provides that the petition for writ of habeas corpus must be signed and verified by affidavit. The statute also requires that the petition state:

(1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;

(2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;

(3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and

(4) That it is first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

T.C.A. § 29-21-107(b). Furthermore, "[t]he application should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Id. § 29-21-105; see Davis v. State, 261 S.W.3d 16, 20-21 (Tenn. Crim. App. 2008). "A trial court properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." Summers, 212 S.W.3d at 260; see Hickman, 153 S.W.3d at 21.

Here, the Petitioner did not fulfill the procedural requirement in Tennessee Code Annotated section 29-21-107(b)(2) because he failed to attach to his petition copies of all judgments that were the cause of his restraint and failed to provide a satisfactory reason for his noncompliance. Although the Petitioner included the judgments from his two aggravated assault convictions and his conviction for introduction of contraband into a penal institution that were a part of his January 21, 2014 plea agreement, he failed to

- 5 -

Finally, we note that the Petitioner attached a TOMIS report to his petition in an attempt to establish that the TDOC erred in calculating the expiration of his five-year sentence and erred in denying him parole. However, TOMIS reports are not a part of the record of the underlying proceeding and, therefore, cannot be used to show the basis for habeas corpus relief. Tucker v. Morrow, 335 S.W.3d 116, 124 (Tenn. Crim. App. 2009), overruled on other grounds by State v. Brown, 479 S.W.3d 200, 212-13 (Tenn. 2015); James G. Watson v. Howard Carlton, Warden, No. E2011-00288-CCA-R3-HC, 2011 WL 4790953, at *2-3 (Tenn. Crim. App. Oct. 11, 2011). Because the Petitioner has failed to demonstrate a facially invalid judgment or an expired sentence, he is not entitled to habeas corpus relief.

## CONCLUSION

We affirm the summary dismissal of the habeas corpus petition.

CAMILLE R. McMULLEN, JUDGE

- 7 -

**N0 WAY MESSAGE**

To: Ma' TESSA FIELDS ~ Forwarded to Records
"IPPO"

FROM: MARTIN HUGHES #288333
TCIX MAIN • 3A116
"PAROLE HEARING DENIAL"

SUBJECT: "5 YR @ 30% Parole Hearing"    DATE 2-27-15

**MESSAGE**

I'M SERVING A 5 YR SENTENCE @ 30% CURRENTLY.
I HAVE ALMOST 4 YRS. ON IT NOW, DAY FOR DAY!
I'VE NEVER HAD A PAROLE HEARING ON THIS SENTENCE,
AND I'D LIKE TO SPEAK TO YOU REGARDING THIS.
I HAD A 15 YR. SENTENCE OVERTURNED IN APPEALS COURT
PLACING ME SOLELY ON THIS 5 YR SENTENCE NOW
AGAIN. WILL YOU SPEAK TO ME PLEASE?
I'VE GOT PAPERWORK — ETC →    SIGNED Martin E. Hughes

**REPLY**

I have talked with the Courts. — The appeals
Court judgement did not overturn the 15 yrs.
It - Reversed - Vacated + Remanded it back to the
trial Court for a new Sentencing hearing.
DATE: And new Counsel. You will have new Counsel
and just be re sentenced. Hawkins Co. will contact
us when the Court date is set.    V. Bishop, Records
3-6-17

0747 (Rev 9-8 )

NDER: DETACH LAST COPY AND FILE FOR FOLLOW UP.

**O WAY MESSAGE**

~: MS. VALERIE BISHOP / RECORDS    TO→ MARTIN HUGHES #288333
                                   FROM
                                        5A-520-213

SUBJECT: SENTENCE MANAGEMENT          DATE 3-20-17

WILL YOU PLEASE TELL ME WHY AFTER 3 MONTHS OF MY
SENTENCE BEING REVERSED & VACATED BY C.C.A, THAT
TDOC HAS NOT PROPERLY AMENDED MY TIME COMPUTATION
ACCORDINGLY? I'M CURRENTLY ON A 5YR @ 30% PLEA
AGREEMENT THAT I'VE NEVER HAD A REQUIRED PAROLE
HEARING ON. THIS DRASTICALLY EFFECTS MY CURRENT
SENTENCE. LEGALLY HARMING ME CREATING AN ILLEGAL
SENTENCE.                      SIGNED  Martin E. Hughes

I have called both the Court of Appeals and
the Hawkins Co. Court. Your Case was not
vacated in that it no longer exists. Only the
                        You still have guilty verdict.
Sentencing portion was remanded back to the
Trial Court for a new Sentencing hearing.
TomIS will be corrected when the Court
Sends the new Sentence. Once the new Sentence is
Calculated and on TomIS If you then eligible for a Parole Hearing
one will be Set. — V. Bishop 3/17/17

(Rev. 9-91)
R: DETACH LAST COPY AND FILE FOR FOLLOW UP

# Basic Sentence Calculation

To calculate an offender's time, one who has never left custody, you can use the following basic formula.

```
  SID (Sentence Imposed Date)
-PTJC (Pre-trial Jail Credit)
  SED (Sentence Effective Date)
+ TTS (Time to Serve)
 -PTBC (Pre-trial Behavior Credits)
  FXP (Full Expiration Date)
 -PSRC (Prisoner Sentence Reduction Credits)
  EXP  (Expiration Date)
```

Take the SID, which will be the date the offender received the sentence in court. Subtract the PTJC if the offender has any. By doing this, you will get the SED. This will be the date we use to calculate the sentence. If an offender does not have any PTJC, then the SID and SED will be the same.

From there, you would add the sentence length to the SED date and then subtract the PTBC. That will give you the offender's FXP.

The EXP and the FXP will be the same if the offender has not earned any PSRC. Once the offender starts earning these credits, the EXP will reduce by the amount of credits earned each month. If an offender is serving a sentence at 100% violent, the FXP and EXP should always stay as the same date. If the offender is serving a 100% sentence that is eligible for a 15% reduction, the EXP date will continue to reduce until the 15% is met. Once the EXP has been reduced by 15%, the EXP date will remain the same no matter if the offender is earning credit or not.

If an offender receives a new felony conviction while he/she is out on parole, the Parole Board will have jurisdiction as to when the new sentence will begin. This will be indicated on the LSTQ screen by "Need Bop". If the Parole Board has not given a date to start the new sentence, then we will start the new sentence at the expiration of the parole sentence.

To calculate a sentence with a BOP date, you will use the date listed under BOP instead of your SID date and subtract the PTJC. If there is no PTJC listed, the BOP and SED will be the same.

```
  BOP
-PTJC
  SED
```

## Alternate Sentence Imposed Date (ASID)

Common uses of an ASID

2. To start a sentence after the SID.
3. To start a consecutive sentence at the expiration of a misdemeanor case, expiration of a case that expired in custody, or expiration of a federal o out of state sentence.
4. To prevent PSRC credits from applying to a case that was suspended while the offender was serving another case.
5. To start a sentence at the revocation date. Dead/Street Time should not be taken prior to the ASID date. PSRC's earned will be applied as PTJC without the benefit of PTBC.

To find SED

```
      SID
  -   PTJC
      SED
```

To find FXP

```
      SED
  +   Sentence length
  -   PTBC (if any)
      FXP
```

To find EXP

```
      FXP
  -   Behavior/Program   LSTA
      EXP
```

When you have Street/Dead/Delinquent time

```
      SED
  +   Sentence Length
  +   Street/Dead/Delinquent time
  -   PTBC (if any)
      FXP
```

# LSTQ (Tennessee Sentences)

Option 4 Sentence Dates Inquiry



```
LSTQ                    TENNESSEE SENTENCES           DATE: 10/17/12
BI01193              SENTENCE DATES INQUIRY 1          TIME: 12:58 PM

TOMIS ID: 00170003  TEST, OFFENDER
   Status: ACTV      Sex: M   Race: W    Age: 35    Location:
   Cty of Convict: 019   Case Yr: 2010   Case #: CASE 1      Count: 001
   Case:  1 of  2
Sent Sta: AC   Sent To: TD   Susp To:      Bal Splt:      Off Date: 07/01/2010
PAR:     DIS:      COM:       EXP:    WTR:    ORD:      Cons: N   JO Sta: CL
Conviction Offense: 3420  ROBBERY
 Min Sent:     Yrs       Mos       Day  Life :
 Max Sent:   4 Yrs       Mos       Day  Habit:          Death  :
 Sent Ext:     Yrs       Mos       Day  Ext %:          Range % :  85
 Conv Dead:        Dead:         Delinquent:        Street  :
   PTJC:          PTBC:           Enhancment:   Yrs   Sent Law: R

 SID: 08/02/2010   SED: 08/02/2010   PP:           EXP: 08/02/2014
 ASID:             RED: 12/26/2013   RP:           FXP: 08/02/2014
 BOP:               SV: 08/16/2012   MP:           CPD:
CPD Prev:          SCD: 05/30/2012   Need BOP:   CPD:
 NEXT FUNCTION:     DATA:
F1-HELP    F6-NEXT      F8-PAGEDOWN   F9-QUIT      F10-REFRESH   F11-SUSPEND
```

## DEFINITIONS

1. **Sent Status:** Sentence Status – TOMIS determines what is posted to this field from the Judgment Order.

   a. **AC** – Active

   b. **IN** – Inactive

   c. **PB** – Probation

   d. **CC** – Community Correction

2. **Sent To:** Sentenced To - Place of confinement ordered by the court

   a. **CC** – Community Corrections

   b. **WK** – Work House

   c. **LJ** – Local Jail

   d. **TD** – Tennessee Department of Correction

   e. **RW** – Regional Work House (rare)

3. **Sex Offender:** A <u>Y</u> in this field means the offender is currently serving time for a sex offense. Caution: <u>H</u> in this field <u>may</u> mean the offender has completed serving his time for a sex offense and has now started a new sentence. <u>N</u> can mean the offender has no sex offender convictions.

4. **Out to Court:** A <u>Y</u> means the offender has been to court and the disposition is not yet known. Only SMS can remove the <u>Y</u>. The <u>Y</u> in this field prohibits the offender from being placed on the parole docket.

5. **Active ISC:** A <u>Y</u> here means the offender has a conviction from another state. Also, probation/parole from another state.

6. **Unprocessed Sentence:** If <u>Y</u> is here it means there is a Judgment Order on LSTJ Tennessee Sentences that is not yet processed and/or calculated. This Judgment Order could extend the offender's sentence.

7. **Multiple/Child Rapist:** A <u>Y</u> in this field means the offender had either committed multiple rapes or has raped a child. The offender cannot earn credits off his sentence. If this flag is <u>Y</u>, then the sex offender flag should also be <u>Y</u>.

8. **Repeat Violent Offender:** This law went into effect July 1, 1994. If a <u>Y</u> is in this field, the offender has a sentence of life without parole.

9. **Minimum Sentence:** Time will appear here if the offender is serving an indeterminate, drug free zone, some firearm, DUI, and SOR violation sentences.

10. **Maximum Sentence:** Every offender has a maximum sentence and it is a compilation of all the inmates' sentences, except life and death.

11. **Life:** If an <u>X</u> is here the offender has a life sentence. There is no expiration on a life sentence.

12. **Life without Parole:** An <u>X</u> here means the offender will die in prison. There are no release dates.

13. **Death:** If an <u>X</u> appears here the offender has a death sentence.

14. **Date of Execution:** This will be the date the offender is scheduled for execution.

15. **Habitual:** If an <u>X</u> is here the offender has been convicted of at least 3 prior felonies. The felonies occurred at separate times and could be both violent and non-violent. Habitual sentences are computed like life sentences. There is a 30 year parole date. Offenders are no longer given habitual sentences under the new law. Habitual sentences are imposed by the court.

16. **Sentence Effective Date (SED):** The date an offender starts serving a sentence for calculation purposes. This date includes anytime served while locked up in the county jail prior to sentencing, if the offender "receives" this time from the county jail or court.

17. **Safety Valve (SV):** This date is regulated by the Board of Pardons and Paroles. It is calculated by reducing the offender's earliest parole date by a certain percent (40%). Thus,

sentence for employing a firearm in the commission of a dangerous felony, DUI or SOR violation sentences.

16. **Max Sent:**   Maximum Sentence – This is the total number of years, months, days to be served on this particular sentence.  Note:  Life, Death, and Habitual do not have maximum sentence lengths.

17. **Life:**   There are three possible entries in this field

    a.   **L** – Life sentence with possibility of parole.  Will have a parole or release eligibility date.

    b.   **W** – Life without Parole – Life with no Parole.  Offender dies in prison.

    c.   **M** – Minimum 25 years Life – Credits can not reduce time served below 25 years.  Offense date will be between 7-1-93 and 7-1-95.

18. **Habitual:**   Habitual Sentence – This is an equivalent to a life sentence.  These are considered "Old Law" sentences prior to November 1st 1989.  It means the offender was sentenced to Life as a Habitual Offender.

19. **Death:**   An "**X**" in this field indicates the offender was sentenced to death.

20. **Sent Ext:**   Sentence Extension – This is by years, months, or days and applies to RED only.  Applied due to disciplinary sentence action.

21. **Ext %:**   Extension Percentage – This is by a percentage and applies to RED only.  Applied due to disciplinary sentence action.

22. **Range %:**   The amount of time the offender must serve before being eligible for release on parole or determinate probation.

23. **Conv Dead:**   Converted Dead Time – A part of record prior to TOMIS conversion.  This includes dead, street, and/or delinquent time.

24. **Dead:**  Dead Time – Time not served on a sentence other than street or delinquent time.   This time can include:   Escape, Bond, absconding from Community Corrections. This is calculated in Option #6 of LSTQ.

25. **Delinquent:**   Delinquent Time – Time not served on a sentence ordered by Board of Paroles.  This may begin on the date the offender is declared delinquent and end on the date the offender is revoked from parole.

26. **Street:**   Street Time – Time not served on a sentence due to Probation.  Some cases this is also ordered by Board of Paroles from date paroled until the date revoked.

Pretrial Credits are the usual amounts of jail credits given by the jail for time served prior to sentencing.

39. **BOP:** Board of Parole – This date indicates when a parole violation sentence is to begin or has begun.

40. **SV:** Safety Valve – This date regulated by the Board of Paroles. This date is calculated by reducing the offender's earliest parole date by a certain percentage (40%). This is the absolute earliest date the offender can be released/ considered for release. There are numerous restrictions on who may be released to Safety Valve.

41. **MP:** Mandatory Parole – Date 3 to 6 months prior to the offender's Expiration Date that an offender is released under parole supervision. Sex offenders may be eligible for MP. Mandatory Parole does not apply to sentences of 2 years or less. This date only applies to indeterminate/determinate sentences not previously granted parole.

42. **CPD:** Custodial Parole Date – This date which is ordered by the Board of Paroles indicates the date a consecutive sentence is to begin.

43. **CPD Prev:** Custodial Parole Date Previous – Date set by Board of Paroles on previous sentence as date for this sentence to begin. (i.e., SED for this case)

44. **SCD:** Sentence Changed Date – This date reflects the date the sentence was last calculated. An example of last calculation may be modifications to the judgment order (LSTJ) or the application of sentence reduction credits.

45. **Need BOP:** Board of Paroles – A **Y** in this field indicates a crime committed while on parole.

46. **CPD:** Custodial Parole Date – Two different flags may appear in this field whenever Board of Paroles action is necessary before a sentence of this type can be calculated. TOMIS never removes the flag.

   a. Unprocessed CP

   b. Needs CP Date

53. **Original:** Credits earned since February 1, 1992.

54. **Removed:** Reflects any credits removed from sentences since February 1, 1992.

55. **Reinstated:** Credits reinstated to sentence since February 1, 1992.

56. **Applied:** Total number of credits applied to sentence calculation to date. This number includes converted and/or combinations of other categories.

57. **GED:** Credits given for programs at county jails.

58. **Drug/Alc:** Credits given for programs at county jails.

59. **Literacy:** Credits given for programs at county jails.

60. **60 Day Ed:** Education Attendance – Credits given for completion of certain TDOC programs/GED. There are various restrictions on who is eligible to receive these credits.

61. **Conv Net Loss GCC:** Number of Good Conduct Credits lost prior to 2-1-92 due to disciplinary infractions that were converted from OBSCIS to TOMIS. Applicable to Indeterminate/Determinate sentences only.

62. **Authorized Loss GCC:** Number of Good Conduct Credits lost from 2-1-1992 to date due to disciplinary infractions. Applicable to Indeterminate/Determinate sentences only.

63. **Net Loss GCC:** Total number of Good Conduct Credits lost to date due to disciplinary infractions. Applicable to Indeterminate/Determinate sentences only.

64. **Probation Length:** Suspended sentence length in years – months – days.

65. **Probation EXP:** The date the Probation expires. (*Not reliable*)

66. **Comm Corr Length:** The length of Community Corrections sentence in years – months – days.

67. **Comm Corr EXP:** The date the Community Corrections sentence expires.

68. **1ST Split:** Confinement portion in years – months – days of a split confinement sentence. This is ordered by the court and is entered on LSTJ.

69. **2ND Split:** Portion of sentence to be under supervision. This follows the confinement portion of a split confinement sentence in years – months – days. Ordered by the court and is entered on LSTJ.

70. **Mult/Child Rapist:** An X will appear in this field if offender is sentenced as a multiple or child rapist. The offender will serve the entire sentence imposed by the court, not to be reduced by sentence credits. An offender may be designated a

TWO WAY MESSAGE

**TDOC POLICY #401.06**

Martin Hughes #288333
03A-116B

**Ms. MaTessa Fields**
**IPPO / TCIX MAIN**

FROM **Martin Hughes #288333**
**TCIX - 3A 116**

1499 R.W. Moore Memorial Hwy. Only TN.
ONLY, TN. 37140

SUBJECT: **RE CLASS - Custody Level Change** DATE **2-08-17**

---

I'VE GOT IN MY POSSESSION SERIOUS LEGAL DOCUMENTS, COURT ORDERS, AND OTHER RELEVANT ISSUES, THAT WILL BE VERY IMPORTANT IN MY EMERGENCY "RE CLASS" HEARING.

** See. < E2015-01907-CCA-R3-CD > also < E2016-01415-CCA-R3-PC >

MY SENTENCE HAS BEEN REVERSED & VACATED IN THE CCA, THIS IS CREATING A Rule #36.1 ON MY CURRENT SENTENCE TOO.

I'M ALSO DUE CREDITS THAT AREN'T SHOWING AND WANT TO SPEAK TO YOU REGARDING MY SECURITY.

SIGNED Martin E Hughes

Mr. Hughes you need to write to your Counselor or Classification Coordinator concerning this matter. I am the Institutional Probation/Parole. I do not have anything to do with "re class" or Credits.

DATE: 2-10-17

SIGNED IPPO M. Fields

-0747 (Rev. 9-91)

NDER: DETACH LAST COPY AND FILE FOR FOLLOW UP.

---

**THANK YOU !!**

TWO WAY MESSAGE * TDOC POLICY #401.06 *

Martin Hughes #288333
03A-116B

TO *Ms. MaTessa Fields   FROM Martin Hughes #288333

IPPO / TCIX MAIN   TCIX · 3A 116

1499 R.W. Moore Memorial Hwy. Only TN.   ONLY, TN. 37140

SUBJECT: *RE CLASS · Custody Level Change   DATE 2-08-17

M E S S A G E

*I'VE GOT IN MY POSSESSION SERIOUS LEGAL DOCUMENTS,
COURT ORDERS, AND OTHER RELEVANT ISSUES, THAT WILL BE
VERY IMPORTANT IN MY EMERGENCY "RE CLASS" HEARING.
** See. ⟨E2015-01907-CCA-R3-CD⟩ also ⟨E2016-01415-CCA-R3-PC⟩
MY SENTENCE HAS BEEN REVERSED & VACATED IN THE CCA.
THIS IS CREATING A Rule #36.1 ON My CURRENT SENTENCE TOO.
*I'M ALSO DUE CREDITS THAT AREN'T SHOWING AND WANT TO SPEAK
TO YOU REGARDING MY SECURITY.   SIGNED Martin E. Hughes

MR. Hughes you need to Write to your Counselor OR
Classification Coordinator concerning this matter.
I am the Institutional Probation/Parole. I do not have
anything to do with "re class" OR Credits.

DATE: 2-10-17   SIGNED IPPO M. Fields

-0747 (Rev. 9-91)

NDER: DETACH LAST COPY AND FILE FOR FOLLOW UP.

*THANK YOU!!

**MR. BRUN** ✱ **TDOC LIASON** ✱✱ **EMERGENCY**

### TENNESSEE DEPARTMENT OF CORRECTION
### INMATE INQUIRY – INFORMATION REQUEST

T T C C

**INSTITUTION**

MARTIN HUGHES                    #288333

INMATE NAME *(Please Print)*                    INMATE NUMBER

UNIT: A-UNIT    ROOM / BED: A223    DATE: 11-26-18

ROUTED TO: ☐ Unit Manager  ☐ Inmate Relations Coordinator (IRC)  ☐ Counselor  ☐ Job Coordinator

1. **Inmate Inquiry/Request:**

✱ MR BRUN:

SIR – WILL YOU PLEASE SEE ME FOR (5) MIN. ONLY OF YOUR VALUABLE TIME? I'M NOT BACK HERE FOR DEBTS – PC – NOR SAFETY PROBLEMS – I WAS SET UP BY MY OWN CELLE – AND MY ATTORNEY CANT REACH ME FOR WHATEVER REASONS – HELP ME!

2. **Action by Counselor/IRC:**

It appears you are currently in segregation for refusing cell assignment in general population.

COUNSELOR / IRC SIGNATURE                    11-27-18

DATE

3. **Action by Record Office:**

_____

_____

_____

_____

RECORD'S OFFICE STAFF SIGNATURE                    DATE

4. **Sentence Management Service (SMS) Response:**

_____

_____

_____

_____

SMS STAFF SIGNATURE                    DATE

CR-3118 (Rev. 1-07)    White - Inmate    Canary - Record Office    Pink - Counselor IRC    RDA 1167

LEGAL ~~AND~~ LAW LIBRARY - DEADLINE ~~TO~~ MS. GRADY
DEADLINE

RECEIVED
DEC 2019

## TENNESSEE DEPARTMENT OF CORRECTION
## INMATE INQUIRY - INFORMATION REQUEST
BY: .....................

INSTITUTION: TTCC

INMATE NAME *(Please Print)*: MARTIN HUGHES

INMATE NUMBER: # 288333

UNIT: DA     ROOM / BED: 114     DATE: 1-10-19

ROUTED TO: ☐ Unit Manager   ☐ Inmate Relations Coordinator (IRC)   ☐ Counselor   ☐ Job Coordinator

1. Inmate Inquiry/Request: IM REQUESTING FOR YOU TO BRING ME UP ON A MAKE-UP DAY FOR MY LOST THURSDAY TODAY - I GOT SERIOUS LEGAL DOCUMENTS - TIMELY - THAT ARE DUE NOW!

2. Action by Counselor/IRC: Is there anything I can bring you? Packet of paper, envelopes, forms?

COUNSELOR / IRC SIGNATURE     DATE 1/14/19

3. Action by Record Office:

RECORD'S OFFICE STAFF SIGNATURE     DATE

4. Sentence Management Service (SMS) Response:

SMS STAFF SIGNATURE     DATE

CR-3118 (Rev. 1-07)     White - Inmate     Canary - Record Office     Pink - Counselor IRC     RDA 1167

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE

## STATE OF TENNESSEE v. MARTIN E. HUGHES

### Hamblen County Criminal Court
### 15CR284

### No. E2016-01415-CCA-R3-PC

Date Printed: 10/04/2016                    Notice / Filed Date: 10/04/2016

---

### NOTICE - Order - Check Out Record Denied

---

The Appellate Court Clerk's Office has entered the above action.

James M. Hivner
Clerk of the Appellate Courts

# TENNESSEE DEPARTMENT OF CORRECTION
## INMATE INQUIRY - INFORMATION REQUEST

T T C C
INSTITUTION

INMATE NAME *(Please Print)*: MARTIN HUGHES

# 288333
INMATE NUMBER

UNIT: DA    ROOM / BED: 115    DATE: 2-21-19

ROUTED TO: ☐ Unit Manager   ☐ Inmate Relations Coordinator (IRC)   ☐ Counselor   ☐ Job Coordinator

**1. Inmate Inquiry/Request:**

THIS FACILITY HAS CUT ME OFF FROM NOT ONLY MY FAMILY — MY ATTORNEY — BUT NOW EVEN THE COURTS PERIOD FOR 2 WEEKS NOW MY PHONE (PIN) DOESN'T WORK, AND MY LEGAL MAIL IS NOT BEING DELIVERED TO ME OR BEING MAILED OUT

**2. Action by Counselor/IRC:**

*see attached pg.*

COUNSELOR / IRC SIGNATURE               DATE

**3. Action by Record Office:**

RECORD'S OFFICE STAFF SIGNATURE          DATE

**4. Sentence Management Service (SMS) Response:**

(423) 390 1504

SMS STAFF SIGNATURE                      DATE

**I WANT TO SPEAK TO MY LAWYER!! NOW**

CR-3118 (Rev. 1-07)    White - Inmate    Canary - Record Office    Pink - Counselor IRC    RDA 1167

**INMATE NAME:**  HUGHES, MARTIN E

**AGENCY #:**  00288333

**PERM #:**  1476922

**HOUSING:**  D/A/115/L

| MAIL DATE | MAIL TO/FROM AND ADDRESS | MAIL TYPE |
|---|---|---|
| 02/22/2019 | TN CLAIMS COMM, EASTERN DIV, KNOX, TN 27919- | INCOMING-LEGAL |
| 02/19/2019 | TDOC, 320 6TH AVE N, NASH, TN 37243- | INCOMING-LEGAL |
| 02/15/2019 | KYLE VAUGHAN - ATTY @ LAW, 245 EAST NEW STREET - # 203, KINGSPORT, TN 37660- | OUTGOING-LEGAL |
| 02/15/2019 | CLERK US APPEALS COURT,  CINCINNATI, OH 45202- | INCOMING-LEGAL |

**TOTAL ENTRIES: 4**

Inmate Name: _____ Hughes _____ 288333 _____

_____

---

### Remainder of form to be completed by warden or commissioner

Disposition of Appeal
Conviction Affirmed _____     Punishment Reduced _____

Case Remanded to Board _____     Charges Dismissed ____ XX ____

Reason(s) for Disposition
Upon reviewing your disciplinary appeal and documentation,in accordance with TDOC Policy 502.01 Section VI.L.5. F.(1),
the charge of asault on staff without a weapon is dismissed.

Instructions to Board on remand or description of reduced punishment::
The reporting officer may reinitiate the case by entering a new report on Incidents (LIBK) and Disciplinary (LIBK) that
corrects the error(s) contained in the original. A request shall be completed (on the format provided by the Deputy
Commissioner of Operations) by the Warden and forwarded to the Deputy Commissioner of Operations requesting that
applicable TOMIS enteries be deleted to allow for a corrected entry to be made at the institutional level.

11/23/16
Date

_____
Signature of Warden or Commissioner

# IN THE CHANCERY COURT FOR TROUSDALE COUNTY, TENNESSEE

**MARTIN E. HUGHES # 288333**

      **Petitioner,**

**vs.**

**TENNESSEE DEPT. OF CORRECTIONS**
**CORE CIVIC INC.**
**WARDEN RUSSELL WASHBURN**
**T.D.O.C. LIASON CHRIS BRUN**
**T.D.O.C. COMMISSIONER TONY PARKER**
**MEDICAL STAFF @ T.T.C.C.**
**TITLE IV, CO-ORD. YOLANDA PITTMAN**
**R.D.A.P.DIRECTOR MS. TAYLOR**

      **Respondent(s).**

**CASE No. _____**

**DATE : 1-08-19**

## PETITION FOR DECLARATORY ORDER

Petitioner, Martin E. Hughes , Pro-Se and pursuant to Tennessee Code Annotated 4-5-224 & 225 et seq., respectfully asks this Court to issue a Declaratory Order upon the following TCA statutes, and several T.D.O.C. Policies that are not being followed here at this facility. This facility being Trousdale Turner Correctional Complex owned and operated by Core Civic Inc. a privately owned prison operating under the Private Prison Contract Laws of this state, being Tennessee located here in Hartsville , also in Trousdale Co. The following NON- COMPLIANCE of these T.D.O.C. Policies here at this facility are causing not only irreparable harm to Martin Hughes #288333 legally,physically, and also has caused a very serious loss of personal property on several occasions as well. Mr. Hughes is also being subjected to very violent daily abusive acts of extortion by several different "GANGS" which is basically being constantly allowed here by everyone working here ar TTCC. Mr. Hughes is being constantly abused , extorted, stolen from and kept repeatedly from contact with his new Attorney in a Post -Conviction Petition . Which is why it is absolutely legally, morally, necessary to also submit and rule favorably for the attached Temporary Injunction Motion , pursuant to Rule 65.04 Tennessee Rules of Civil Procedure.

BASED ON THE FOLLOWING TCA STATUTES / T.D.O.C. POLICY VIOLATIONS :

Private Prison Contract Laws are at this facility not being followed therefore makes not only the continued operation of this facility ILLEGAL , but could even be considered criminal acts of Official Misconduct, Official Oppression too. Therefore I am Petitioning this court for Declaratory Judgment/ Order because of these TCA laws / TDOC Policies in which this facility is NON COMPLIANT ,AND CAUSING VERY SERIOUS HARM TO ME .(LEGALLY, PHYSICALLY, AND FINANCIALLY TOO.) TCA # 41-1-103,41-1-104. 41-24-103,41-21-236*,CCA POLICY 18-015,41-21-806,41-21-805,4-6-603,4-3-606,4-21-901,4-21-905 TITLE IV,4-210302,29-21-105,4-5-101 thru 4-5-325 UAPA*,29-30-103 (ATTACHED MOTION TO RECOVER PROPERTY) TDOC POLICY VIOLATIONS; 504.01, 504.02, 501.01,.02, 506.16, **105.09 (see attached documents),112.08,111.00,107.00-04,113.71,113.53,113.80-87,113.30-34,208.00-01,211.00,*214.02/04,302.06,302.08,401.00-.08,404.07,**

**(501.00-.01,501.02,.04,)    502.01-.02 , 503.08, 504.05-.07, 505.01 (see case # m2018-00858-CCA-R3-HC). 506.01, ***see 506.07.01 (see case M2016-02212-CCA-R3-CV or 16-681-IV in Chancery Court Nashville.)507.00 -02 MAIL (LEGAL). 509.03 ( 103.02**103.10 TITLE IV.) THESE TCA LAWS AND THE NAMED TDOC POLICY VIOLATIONS THAT EITHER ALLOW THIS FACILITY TO CONTINUE TO OPERATE AS IT IS TO THIS DATE ,OR THAT PROHIBITS MARTIN HUGHES #288333 FROM FINDING RELIEF FROM THE ISSUES STATED WITHIN THIS PETITION SHOULD ALLOW THIS HONORABLE COURT TO FAVORABLY RULE ENTIRELY ON RELIEF REQUESTED OF INJUNCTIVE RELIEF BY TRANSFER TO A TDOC FACILITY IN SAFE CONDITIONS WITHOUT HARM OR HARDSHIPS WITH NEW ATTORNEY IN CASE # CC-18-CR-86 @ HAWKINS CO. CLOSE TO THE HEARING AS CAN BE DONE WHICH WOULD NOT BE ASKING UNDUE HARDSHIPS ON RESPONDENTS OF THIS PETITION, AND WOULD STOP ANY AND ALL HARM BEING DONE TO INMATE HUGHES PRESENTLY. ALSO, SEE ATTACHED MOTION FOR RECOVERY OF PERSONAL PROPERTY pur. 29-30-103 TCA LAW. TO GRANT RELIEF REQUESTED IN THAT CLAIM AS WELL WOULD BE JUST AND PROPER AS REQUIRED BY LAW. (see supporting documentation to any and all claims made herein this petition.) On a final request by petitioner Hughes a "Leave to Amend "should be allowed,if needed by Hughes or this court,Respondents ,Etc. to clarify any discrepancies left unclear to any party included within this PETITION. See case attached that was denied relief because of the STATE of TENNESSEE themselves states clearly that this PETITION IS MY ONLY "EXCLUSIVE REMEDY" for my sentence calculations in my current sentence I'm serving out of Hamblen Co. (12CR242&243) In which Legal harm was also done to me by the State while Iwas REVERSED & REMANDED back in case # 14cr128 @ Hawkins Co. IF TDOC/CCA WOULD HAVE CORRECTLY CALCULATED MY TIME IN APPLYING SENTENCE REDUCTION CREDITS ON THE (5) I WAS ON AT *THE TIME OF THE REVERSE & REMAND IN 14CR128 I WOULD HAVE BEEN PROPERLY (EXPIRED) . THE 5 WOULD HAVE BEEN OVER AND WOULD HAVE LET ME BE RE-**

SENTENCED AS A FREE MAN NON INDIGENT AND COULD HAVE HIRED COUNSEL
,ETC, THIS IS SOMETHING ALSO REPEATEDLY IGNORED BY THE STATE. (see attached
documents,case # M2018-00858-CCA-R3-HC). (also M2016-02212-CCA-R3-CV or 16-681-IV)*

*EYEWITNESSES TO MISTREATMENT BY CCA STAFF @ HCCF RELEASING CHEMICAL
AGENTS WHILE DEFENSELESS IN A CELL IN SEGREGATION. HOLDING HUGHES OVER
(4MO.'S) IN PUNISHMENT CELLS ON CLOSE SECURITY,EVEN AFTER THE
COMMISSIONER WOODALL HAD "DISMISSED" ALL DISCLIPINARIES AGAINST
HUGHES . CLEAR MISTREATMENT , RETALIATIONS BY CCA STAFF PURPOSEFUL
LOSS OF ALL PROPERTY BY STAFF OUT OF RETALIATION FOR FILING SUIT. THESE
EYEWITNESSES AND "VICTIMS"ARE STILL AVAILABLE TO TESTIFY ABOUT THESE
ISSUES. THIS IS AGAIN CONDUCT BY ALL CCA PRISONS THAT ARE REPEATEDLY
IGNORED , WITHOUT ANY OVERSIGHT COMMITTEE,ETC. I/M'S  ;CHRIS  COLLINS
#420722, ANTONIO HENDERSON #541563,MICHEAL DRURY #469480,QUENTON SIMS
#552751, AARON JEANS #479798,MARQUETTE JONES # 481792 ,GENO BELL #499866, AND
QUENTIN BROWN # UNKNOWN SEG CELL #14( 9-16 THRU 1-17) MY CELLMATE ALL OF
THESE I/M'S WILL TESTIFY TO THE SEVERE ACTS OF REPEATED MISTREATMENT BY
CCA/HCCF IN SEG. (506.16) THESE ACTS ARE EXACTLY THE SAME THINGS THAT ARE
ONGOING HERE AT TTCC/CCA AND HUGHES IS SUFFERING SEVERELY BECAUSE OF THIS
FACILITY AND IT'S TOTAL LACK OF COMPLIANCE TO THE TCA LAWS/TDOC POLICIES
THAT GOVERN IT'S LEGALOPERATION UNDER THE **PRIVATE PRISON CONTRACT LAWS
CHAPTER 41-21-103-THRU ETC.)** EYEWITNESS AND VICTIM OF CHEMICAL AGENT
ABUSE REPEATEDLY LIKE HUGHES, MIKO BURL # 315577. ALSO TO BE CALLED ON AS A
WITNESS IN THIS CASE REGARDING CCA 'S NON-COMPLIANCE TO TDOC POLICIES.

In support thereof, your petitioner, Martin E. Hughes #288333 can prove beyond all and any doubt that

every issue raised here within this PETITION can and will be proven in a court of law at the proper time ,and place granted to by this Honorable Court here today. MARTIN E. HUGHES #288333 @ TTCC , would show this Court as follows, to-wit

## Parties:

**Petitioner:**

1. My name is MARTIN E. HUGHES #288333, and I am currently incarcerated in the Tennessee Department of Corrections an inmate at Trousdale Turner Correctional Center located at 140 Macon Way, Hartsville, Tennessee 37074 and I am the pro se Petitioner in this cause.

**Respondents:**

 TDOC/CCA ,WARDEN RUSSELL WASHBURN, TDOC LIASON CHRIS BRUN, TDOC COMMISSIONER TONY PARKER, MEDICAL STAFF @TTCC, TITLE IV COORDINATOR MS. YOLANDA PITTMAN, RDAP DIRECTOR MS. TAYLOR (1st NAME unk), STAFF @TTCC.

## Jurisdiction & Venue

Jurisdiction and venue of this Court is invoked this being the Chancery Court in Trousdale County, Tennessee, which is the situs of the principle office of the Respondents.

## Exhaustion of Administrative Remedies

GRIEVANCES ARE DISAPPEARING REGULARLY WHICH IS NAMED AS PART OF THIS PETITION, AND REQUIRES IMMEDIATE ATTENTION BY THIS COURT BASED ON SECURITY AND SAFETY ISSUES WHEN BEING EXTORTED, STOLEN FROM ATTACKED , ETC. (see attached)

REPEATEDLY GRIEVANCES WERE FILED IN ACCORDANCE TO THE POLICY SET FORTH BY TDOC,501.01,.02 RESPECTFULLY. THIS IS NOT ACCEPTABLE AND IN FACT EVEN MORE DANGERUOS AT TIMES BECAUSE MOST STAFF HERE WILL ALERT "GANGS" TO TELL THEM WHEN WE FILE ANY THINGS RELATED TO THIER CONTROL OF POWER .

MY LIFE AND SAFETY IS IN SEVERE DANGER NOW THAT I HAVE FILED THIS SUIT WITH CONTENT INVOLVING "GANGS AND STAFF" IMPROPERV RELATIONSHIPS WHICH IS UNSPOKEN RULE HERE THAT ALLOWS THE "GANGS TO BASICALLY RUN THE PRISON FOR THE WARDEN HERE BECAUSE OF HIS KNOWINGLY OPERATING THIS FACILITY UNDER STAFFED, BUT ALLOWS THEM TO CONTROL ALL OTHER INMATES EVEN WITH VIOLENCE FOR CERTAIN UNSPOKEN FAVORS FOR "GANG MEMBERS" BY NOT LOCKING THEM DOWN,EVER, EVEN DURING TDOC MANDATORY COUNTS, OR CERTAIN "LOOKING THE OTHER WAY WITH STAFF  BRINGING IN DRUGS OR CONTRABAND FOR THE GANGS HERE! BY REPORTING THIS NOW MY LIFE IS NOW IN VERY SERIOUS DANGER FROM NOT ONLY "GANGS" BUT FROM THE WARDEN ON DOWN TO ALL CCA STAFF HERE @ TTCC

**\*\*PURSUANT TO TENNESSEE RULE OF CIVIL PROCEDURE ; 1-65.04-1, PETITIONER HUGHES REQUESTS FOR INJUNCTIVE RELIEF OF THE EXTRAORDINARY CAUSES STATED HEREIN THIS PETITION !**

ALL ADMINISTRATIVE REMEDIES WERE EITHER EXHAUSTED OR DUE TO THIS FACILITY AND IT'S NON-COMPLIANCE OF RELATED POLICIES SET FORTH BY TDOC TO GOVERN THESE ISSUES STATED HEREIN RELIEF IS NOT AVAILABLE .

WHEREFORE, all of my Administrative remedies have been exhausted. PETITIONER HUGHES prays for all relief requested herein this PETITION ,and all attached Motions in the FAIR ADMINISTRATION OF JUSTICE, based on CLEARLY ESTABLISHED TCA LAW as well.

RESPECTFULLY SUBMITTED,

MARTIN E. HUGHES #288333

@ T. T. C. C.

41-24-108. Application of certain criminal laws to contractor-operated facilities.

The provisions of title 39, chapter 16, including, without limitation, □ 39-16-201 and □□ 39-16-605 □ 39-16-608, shall apply to offenses committed by or with regard to inmates assigned to facilities or programs for which a prison contractor is providing correctional services.

Acts 1986, ch. 932, □ 8; 1996, ch. 675, □ 43.

41-24-109. Monitoring of contractor performance □ Reports.

In addition to other powers and duties prescribed by law, the commissioner shall monitor any contracts with prison contractors providing correctional services and shall report at least annually, or as requested, to the state and local government committee of the senate and the state government committee of the house of representatives or any other legislative committee regarding the performance of the contractor. The comptroller of the treasury shall audit the performance of the department of correction and the private contractor to ensure that the state is receiving the quality and level of services as described in the contract based upon the performance criteria, the monitoring process and any applicable sanctions that might be incurred. The comptroller shall report annually, or as otherwise requested, to the state and local government committee of the senate and the state government committee of the house of representatives.

Acts 1986, ch. 932, □ 9; 2001, ch. 132, □ 8; 2011, ch. 410, □ 2(q), (r); 2013, ch. 236, □ 64.

41-21-236. Sentence reduction credits.

See CASE # M2018-00858-CCA-R3-HC)

(a) (1) Those persons committed to the custody of the department of correction shall be assigned to work, educational and/or vocational training programs when positions in those programs are available.

(2) (A) Each inmate who exhibits good institutional behavior or who exhibits satisfactory performance within a program may be awarded time credits toward the sentence imposed, varying between one (1) day and sixteen (16) days for each month served, with not more than eight (8) days for each month served for good institutional behavior and not more than eight (8) days for each month served for satisfactory program performance in accordance with the criteria established by the department.

(B) (i) In addition to the time program performance credit awarded pursuant to subdivision (a)(2) (A), the department shall provide an educational good time credit of sixty (60) days to any qualifying prisoner who successfully receives a high school equivalency credential or a high school diploma, a two-year or four-year college degree, or a two-year or four-year certification in applied sciences, or who receives a vocational education diploma as provided and defined by the department. No credit shall be given for any diploma, degree or certification unless the particular course of study, including the institution or entity through which it is offered, has received the prior approval of the department. A qualifying prisoner may receive no more than one (1) credit of sixty (60) days, regardless of the

number of programs completed.

(ii) It is the legislative intent that this credit be implemented by the department in a manner that maximizes the potential of prisoners who will return to the community to become working and productive members of society through the benefit of their educational diploma or certificate. It is further the legislative intent that existing educational and vocational programs offered by the department shall not be increased in size as a result of this subdivision (a)(2). Priority in enrollment in existing educational and vocational programs shall be given to prisoners who will be eligible for parole or release upon completion of their sentence and who can reasonably be expected to re-enter the workforce. Priority in enrollment shall also be given to prisoners who will be incarcerated by the department for such period of time that they will receive the full credit for sentence reduction provided in this subdivision (a)(2). Once these priorities have been met, enrollment in educational and vocational programs by other prisoners shall be available on a space-available basis, without any sentence reduction credit for any diploma or certification received.

(iii) The provisions of this subdivision (a)(2)(B) permitting an additional sixty (60) days of educational credit for obtaining a diploma shall not apply to any prisoner convicted of an offense that requires service of at least eighty-five percent (85%) of the sentence under ☐ 40-35-501(i) or one hundred percent (100%) of the sentence under ☐ 39-13-523.

(C) No inmate shall have the right to any such time credits, nor shall any inmate have the right to participate in any particular program, and may be transferred from one (1) assignment to another without cause. This section shall also apply to any inmate sentenced to the department of correction who is being held on a contract basis by a private correctional corporation.

(D) The sixty (60) days of educational good time credit authorized by subdivision (a)(2)(B) shall also apply to any inmate who successfully received one (1) of the degrees specified in subdivision (a)(2)(B) prior to July 1, 2006, as well as those receiving degrees after July 1, 2006.

(3) Sentence credits shall not be earned or credited automatically, but rather shall be awarded on a monthly basis to an inmate at the discretion of the responsible warden in accordance with the criteria established by the department, and only after receipt by the warden of written documentation evidencing the inmate's good institutional behavior or satisfactory program performance or both.

(4) Sentence credits may not be awarded toward a period of less than one (1) calendar month or for any month in which an inmate commits a Class A disciplinary offense of which the inmate is found guilty. No sentence credits for good institutional behavior may be awarded for any month in which an inmate commits any disciplinary offense of which the inmate is found guilty.

(5) An inmate may be deprived of those sentence credits previously awarded pursuant to this section only for the commission of any major infraction designated by the department as a Class A disciplinary offense, including, but not limited to, rape, arson, riot, escape or assault with a deadly weapon, or refusal to participate in an assignment.

(6) The refusal of an inmate to participate in any assigned work, educational or vocational training program shall constitute a disciplinary offense for which the inmate can be penalized by the loss of sentence credits previously awarded.

(7)  Sentence credits shall not be earned or credited to any inmates classified as maximum security or being held in punitive segregation.

(b)  The allowances that can be awarded pursuant to this section shall be referred to as inmate sentence reduction credits and shall affect release eligibility and sentence expiration dates in the same manner as time credits affected parole eligibility and sentence expiration dates prior to September 1, 1980.

(c)  (1)  Any provision of title 40, chapter 35 to the contrary notwithstanding, persons convicted under that chapter may be awarded sentence reduction credits as set forth in this section.

(2)  Any provision of titles 39 and 40 to the contrary notwithstanding, all persons who commit Class X felonies on or after December 11, 1985, shall be eligible for the sentence reduction credits authorized by this section.

(3)  Any person who committed a felony, including any Class X felony, prior to December 11, 1985, may become eligible for the sentence reduction credits authorized by this section by signing a waiver, in writing, of the right to serve the sentence under the law in effect at the time the crime was committed. However, sentence reduction credits authorized by this section may be awarded only for conduct or performance from and after the date a person becomes eligible under this subsection (c).

(d)  Sentence reduction credits for good institutional behavior as authorized by this section shall likewise apply in accordance with the terms of this section, and under the criteria, rules and regulations established by the department, to all felony offenders serving sentences of one (1) or more years in local jails or workhouses and to all inmates serving time in county jails or workhouses because the inmate's commitment to the department has been delayed due to invocation of the governor's emergency overcrowding powers or through an injunction from a federal court restricting the intake of inmates into the department. When this section is applied to those offenders, references to □ warden □ in this part shall be deemed references to the superintendent or jailer, as appropriate. Such felony offenders shall not be eligible to receive any other sentence credits for good institutional behavior; provided, that, in addition to the sentence reduction credits for good institutional behavior as authorized by this section, such felony offenders may receive any credits for which they are eligible under chapter 2 of this title for work performed or satisfactory performance of job, educational or vocational programs.

(e)  (1)  Sentence reduction credits for good institutional behavior as authorized by this section shall also be awarded to all convicted felons for the time incarcerated prior to the imposition of sentence. The total credit to which a convicted felon may be entitled shall be calculated by determining the number of days actually served in jail prior to imposition of sentence and by adding to that number the sentence reduction credits awarded for good institutional behavior, if any, based upon the number of days served.

(2)  The sentence reduction credits authorized by subdivision (e)(1) shall be awarded at the rate of eight (8) days for each month served prior to imposition of sentence unless there is an objection filed by the superintendent or jailer. If the superintendent or jailer objects to the number of sentence reduction credits awarded to a particular felon, the superintendent or jailer shall provide written documentation to the department stating the objection and the number of sentence credits, if any, the felon should be awarded. If an objection is filed in accordance with this subdivision (e)(2), the department shall adjust the number of sentence reduction credits awarded to conform to the number

recommended in the superintendent's or jailer's written objection.

(3) Notwithstanding the fact that in the absence of an objection from the superintendent or jailer the sentence reduction credits authorized by this subsection (e) are awarded automatically, no convicted felon shall have a right to the credits nor shall the felon have a right to appeal the superintendent's or jailer's determination concerning the number of sentence reduction credits a particular felon should be awarded as set out in the superintendent's or jailer's written objection to the department.

(f) (1) Except as provided in subdivision (f)(2), an inmate serving a misdemeanor sentence in a county jail, workhouse or other local facility who exhibits good institutional behavior or who exhibits satisfactory performance within a program shall be awarded inmate sentence reduction credits toward the inmate's release and expiration dates at the same rate and in the same manner as is provided in this section for inmates serving felony sentences.

(2) If an inmate is serving a misdemeanor sentence in a local facility that awards sentence credits at a different rate than provided by this section for felons, the inmate may elect to receive the sentence credits either under the system provided in this section for felons or under the system in effect at the local facility.

(3) In no event may an inmate receive credits cumulatively under both systems or receive credits at a rate that is less than that provided by this section for felons.

(4) In imposing a misdemeanor sentence, the court shall fix a percentage of the sentence that an inmate shall serve before release from confinement. After service of that percentage and allowance for credits authorized in this section, the defendant shall be released from confinement. The percentage shall be expressed as thirty percent (30%), forty percent (40%), fifty percent (50%), sixty percent (60%), seventy percent (70%), eighty percent (80%), ninety percent (90%) or one hundred percent (100%). In no event shall the application of sentence credits result in more than a twenty-five percent (25%) reduction in the inmate's release percentage.

(g) The department is authorized to continue the application of the previously enacted sentence credit systems formerly codified in □□ 41-21-212 [repealed], 41-21-213 [repealed], 41-21-214 [repealed], 41-21-215 [repealed], 41-21-228 [repealed], 41-21-229 [repealed], 41-21-230 [repealed], 41-21-231 [repealed], 41-21-232 [repealed] and 41-21-233 [repealed], to any inmates to whom they currently apply and who do not sign written waivers as provided in subsection (c). Any sentence credits earned or awarded under previously enacted systems shall continue to remain in full force and effect unless and until they are taken away in accordance with the procedures established by the previously enacted systems.

(h) Nothing in this section shall operate to reduce the minimum sentence of a person convicted of the offense of driving under the influence of an intoxicant as prohibited by □□ 55-10-401 and 55-10-402.

(i) Notwithstanding any other law to the contrary, no sentence credits authorized by this section or any other law, nor a sentence contract authorized by □□ 40-28-115, 40-28-116, 40-34-103 and 40-35-501 or any other law, shall have the effect of reducing the amount of time an inmate must serve before the inmate's earliest release eligibility date, undiminished by any sentence credits, by more than thirty-five percent (35%). For inmates sentenced for offenses committed on or after January 1, 1988, no sentence credits or sentence contract shall have the effect of reducing the amount of time an inmate

(N)  Aggravated sexual exploitation of a minor involving more than twenty-five (25) images; or

(O)  Especially aggravated sexual exploitation of a minor.

(3)  Nothing in this subsection (i) shall be construed as affecting, amending or altering □ 39-13-523, which requires child sexual predators, aggravated rapists, child rapists and multiple rapists to serve the entire sentence imposed by the court undiminished by any sentence reduction credits.

(j)  There shall be no release eligibility for a person committing a violation of □ 39-17-1324(a) or (b) on or after January 1, 2008, until the person has served one hundred percent (100%) of the minimum mandatory sentence established in □ 39-17-1324(a) or (b) and imposed by the court less sentence credits earned and retained; however, no sentence reduction credits authorized by □ 41-21-236 or any other law shall operate to reduce the mandatory minimum sentence imposed by the court by more than fifteen percent (15%).

(k)  (1)  There shall be no release eligibility for a person committing aggravated robbery, as defined in □ 39-13-402(a)(1), on or after July 1, 2010, until the person has served eighty-five percent (85%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by □ 41-21-236, or any other provision of law, shall operate to reduce below seventy percent (70%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(2)  There shall be no release eligibility for a person committing aggravated robbery, as defined in □ 39-13-402, on or after January 1, 2008, if the person has at least one (1) prior conviction for aggravated robbery, as defined in □ 39-13-402, or especially aggravated robbery, as defined in □ 39-13-403. The person shall serve one hundred percent (100%) of the sentence imposed by the court less sentence credits earned and retained; however, no sentence reduction credits authorized by □ 41-21-236 or any other provision of law shall operate to reduce the sentence imposed by the court by more than fifteen percent (15%).

(3)  (A)  □ Prior conviction □ means, for purposes of this section, unless the context otherwise requires, that the person serves and is released or discharged from, or is serving, a separate period of incarceration or supervision for the commission of an aggravated robbery or especially aggravated robbery prior to or at the time of committing an aggravated robbery on or after January 1, 2008.

(B)  □ Prior conviction □ includes convictions under the laws of any other state, government or country that, if committed in this state, would constitute the offense of aggravated robbery. If an offense involving a robbery accomplished by use of a firearm in a jurisdiction other than this state is not identified as aggravated robbery or especially aggravated robbery in this state, it shall be considered a prior conviction if the elements of the felony are the same as the elements for aggravated robbery or especially aggravated robbery.

(4)  □ Separate period of incarceration or supervision □ includes a sentence to any of the sentencing alternatives set out in □ 40-35-104(c)(3)-(9). An aggravated robbery shall be considered as having

been committed after a separate period of incarceration or supervision if the aggravated robbery is committed while the person was:

(A) On probation, parole or community correction supervision for an aggravated robbery or especially aggravated robbery;

(B) Incarcerated for an aggravated robbery or especially aggravated robbery;

(C) Assigned to a program whereby the person enjoys the privilege of supervised release into the community, including, but not limited to, work release, educational release, restitution release or medical furlough for an aggravated robbery or especially aggravated robbery; or

(D) On escape status from any correctional institution when incarcerated for an aggravated robbery or especially aggravated robbery.

(5) There shall be no release eligibility for a person committing attempted first degree murder as defined in □ 39-13-202 where the victim suffers serious bodily injury as defined in □ 39-11-106, on or after July 1, 2013, until the person has served eighty-five percent (85%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by □ 41-21-236, or any other provision of law, shall operate to reduce below seventy-five percent (75%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(6) (A) There shall be no release eligibility for a person committing aggravated child neglect or endangerment as defined in □ 39-15-402, on or after July 1, 2013, and before July 1, 2014, until the person has served seventy percent (70%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by □ 41-21-236, or any other provision of law, shall operate to reduce below fifty-five percent (55%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(B) There shall be no release eligibility for a person committing aggravated child neglect or endangerment as defined in □ 39-15-402, on or after July 1, 2014, until the person has served eighty-five percent (85%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by □ 41-21-236, or any other law, shall operate to reduce below seventy percent (70%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(7) There shall be no release eligibility for a person committing aggravated assault as defined in □ 39-13-102, that results in death of another, on or after July 1, 2013, until the person has served seventy-five percent (75%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence reduction credits authorized by □ 41-21-236, or any other provision of law, shall operate to reduce below sixty percent (60%) the percentage of sentence imposed by the court such person must serve before becoming release eligible.

(8) (A) There shall be no release eligibility for a person committing aggravated vehicular homicide, as defined in □ 39-13-218(a), on or after July 1, 2015, until the person has served sixty percent (60%) of the sentence imposed by the court less sentence credits earned and retained. However, no sentence

must serve before the inmate's earliest release eligibility date, undiminished by the sentence credits, by more than thirty percent (30%).

(f) As used in this section, ☐ sentence credits ☐ includes any credit, whether called that or not, that results in a reduction of the amount of time an inmate must serve on the original sentence or sentences. This section shall not be applicable when the powers granted pursuant to this title are in effect to reduce prison overcrowding.

Acts 1985 (1st Ex. Sess.), ch. 5, ☐☐ 12, 52; 1988, ch. 599, ☐ 1; 1989, ch. 42, ☐ 1; 1997, ch. 356, ☐ 1; 2006, ch. 624, ☐ 1; 2007, ch. 350, ☐ 1; 2013, ch. 154, ☐ 41; 2016, ch. 794, ☐ 1.

RECEIVED
in Clerk's Office

MAR 0 4 2019

U.S. District Court
Middle District of TN

RE: M2018-00858-CCA-R3-HC                                   DATE : 10-20-18


HUGHES , M. #288333

Petitioner

V.


STATE  of TENNESSEE

Respondent

### SUPPLEMENT RESPONSE TO STATES REPLY BRIEF


1.) This is a very significant date in time as far as this case at hand shows on record, If the STATE of TENNESSEE will please allow this court to actually look clearly at the original judgment sheets that state my sentence at issue here began officially on 10-20-13 with the (93 days) given on "pre-trial" jail credits, <see Belcher v Sexton cited case.>. The STATE of TENNESSEE , this Court, and every person involved such as T.D.O.C. / CCA , Etc. will find it is factually, legally, and mathematically impossible to get a January 21st 2019 Expiration Date from any 5yr. Sentence beginning on 10-20-13.

2.) Attorney Misconduct and facility mistreatment caused a failure of case # M2016-02212-CCA-R3-CV in the pro se attempt to obtain help from the *UNIFORM ADMINISTRATIVE PROCEDURE ACT* named by the STATE of TENNESSEE as the *Exclusive Remedy* in the latest response of this case.

*Petitioner Hughes' is entitled to Habeas Corpus relief requested on this case at hand, as he is still serving now on this date which is in fact EXPIRED.   Respectfully Submitted,*

21

# COURT of CRIMINAL APPEALS
## MIDDLE DIVISION
## @ NASHVILLE , TN.

RE: M2018-00858-CCA-R3-HC                    DATE : 10-29-18

**PETITIONER:**

**Martin E. Hughes**

**V.**

**RESPONDENT:**

**State of Tennessee**

### MOTION FOR RULE 24 (E) SUPPLEMENT of RECORD

Petitioner's request by way of this written motion prays for relief requested within said motion as to Court of Criminal Appeals review the following case file in the case named before in reply to State's brief regarding the exclusive remedy mentioned in their response therefore making that case a part of this case too.    * (see M2016-02212-COA-R3-CV, or 16-681-IV)* filed in the Chancery Court in Nashville also.

1.) Petitioner's request is to promote the Fair and Just Administration of Justice in this Appeal of case at hand by showing on record how not only the sentence in question is not only fully *"EXPIRED",* but will also show the *"LEGAL HARM"* suffered because the acts of the State Actors involved at both T.D.O.C. And CCA facilities coupled with also the acts of misconduct against the *Attorney of Record* in this case under(E2016-01415-CCA-R3-PC) which is now coming to fruition in fact next month. See Docket 2018-2862-1-AJ with the Board of Professional Responsibility (RPC 8.4).

27

2.) *The "Laundry List"* of issues spoke of in the State of Tennessee's response brief was only a *"PRO SE"* attempt to show on record to the Court of Criminal Appeals on Appeal exactly how this case and sentencing issue has not only been overlooked by the State , but has allowed the *"STATE ACTORS"* involved to escape liability in other credible civil suits filed by Mr. Hughes also. (see case #'s 2:14cv140, 2:14cv335, and also 2:15cv030 too) all filed under 42usc 1983 in the USDC of Greeneville , Tn. In Federal Court @ 220 West Depot St.,suite #200.

3.) Petitioner only request that the CCA finally fully review all applicable records, and then *"Fairly Determine"* that without any doubt the sentence in question is in fact *"Expired"* by the standards set forth within the bounds of *TCA LAW* of *HABEAS CORPUS* that have been appealed to in this appeal now.

*\*\*PETITIONER PRAYS FOR ALL RELIEF REQUESTED WITHIN THE ENTIRE APPEAL OF THE CASE AT HAND,IN THE FAIR ADMINISTRATION OF JUSTICE AS THE TCA LAWS REQUIRE THIS COURT TO DO .*

*Respectfully Submitted,*

*Martin E. Hughes # 288333*
T.T.C.C.
140 Macon Way
Hartsville, Tn. 37074

28

RE: USC

**RECEIVED**

MAR 0 4 2019

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

$2254

2-27-19

CLERK,

I'M GOING TO SEND THE 5th FEE AS SOON AS YOU SEND ME A CASE # TO PLACE ON THE POSTAL MONEY ORDER.

ALSO, I'M SENDING SUPPORTING DOCUMENTS TO BASICALLY SHOW EXHAUST-ION REQUIREMENTS, ETC. IF ANY OTHER INFORMATION IS NEEDED BY THIS COURT THEN I CAN PRODUCE IT PROBABLY, BUT DUE TO MY CURRENT HOUSING FACILITY AND ITS REPEATED CONTINUOS DISFUNCTIONAL OPERATION IS HINDERING MY LEGAL RIGHTS, ACCESS TO COURTS, ETC.

THANK YOU!

WE ARE ON AN INSTITUTIONAL LOCKDOWN, AND NOT ALLOWED ANY LEGAL COPIES, ETC. THIS IS BEING A HARDSHIP FOR ME!

RESPECTFULLY,

[signature]

CLERK,

RECEIVED

MAR 04 2019

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

1-13-19

          I AM SENDING MY PETITION FOR RELIEF UNDER 28 USC 2254 TO THE PROPER DISTRICT PURSUANT TO THE COURT'S OWN DIRECTIONS. I AM ASKING YOU TO EITHER FILE THIS FOR ME AND MY FAMILY MEMBER HAS AGREED TO SEND THE 5$ PAYMENT TO YOU WITH A CASE #, OR CAN JUST PUT HABEAS CORPUS FEE WITH MY NAME AND TOMIS # TO IDENTIFY THE PAYMENT.

          HOWEVER, I DO HAVE A KIND OF REQUEST FROM THIS COURT REGARDING THE CONDITIONS AT MY CURRENT FACILITY. I AM INDIGENT BY LAW, BUT THIS FACILITY IS NOT COMPLYING WITH COMPLIANCE TO POLICY'S SET FORTH BY TDOC TO ALLOW ME TO SEND THIS COURT PROPER DOCUMENTATION TO DETERMINE THIS ISSUE. THEREFORE, I AM ASKING THIS COURT FOR A "COURT ORDER" TO FORCE MY CURRENT FACILITY TO SEND YOUR OFFICE THE INFORMATION NEEDED TO SHOW I AM INDIGENT, AND THEN FILE MY PETITION. THANK YOU

MARTIN
HUGHES

UNITED STATES DISTRICT COURT

MIDDLE DIVISION

@ NASHVILLE , TN.

RECEIVED

MAR 0 4 2019

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

RE: HABEAS CORPUS USC 2254

DATE : 2-27-19

CLERK ;

    This is the third time I've tried to mail out this Habeas Corpus to this Court.

I am having my sister Ms. Sheila Mayes of Williamsburg,Va to pay the required $5.00

fee so that I may proceed into court in a timely manner. I am also requesting the court

allow, due to the *"EXIGENT CIRCUMSTANCES"* involved in this case a Court Order

to Grant Injunctive Relief of a *TRO* or *TEMPORARY RESTRAINING ORDER* against

this facility @ TTCC here in Hartsville, Tn. Also, this Court should consider a separate

issue for Injunctive relief in regards to Incoming/Outgoing Mail more specifically Legal

mail. This is a clear violation in its self of Petitioner's Constitutional Rights,(1ˢᵗ Am.) On a

final note to this court a delay in filing until the clerk sends me a Case # to give to my

sister so that she may mail in the fee accordingly. Thank You.

Respectfully Submitted,

*Mark E. Hughes* #285203
D#205
2-27-19
@ TTCC

MARTIN HUGHES #288333
@TTCC
140 MACON WAY
HARTSVILLE, TN. 37074



US POSTAGE
$07.65⁰
Mailed From 37074
03/01/2019
032A 0061842601

RECEIVED

MAR 04 2019

U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

U.S. DISTRICT COURT
MIDDLE DIVISION
801 BROADWAY, ROOM #800
NASHVILLE, TN. 37203

**PRIVILEGED MAIL**
(OUTGOING)

RE: HABEAS CORPUS & USC 2254

THE DEPARTMENT OF CORRECTION
TTCC HAS NEITHER INSPECTED
NOR DEVELOPED AND IS NOT
RESPONSIBLE FOR THE CONTENTS

FEB 2 8 2019