UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| MARTIN HUGHES, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | No. 3:19-cv-00199 |
| | ) | Judge Trauger |
| RUSSELL WASHBURN, Warden, | ) | |
| Respondent. | ) | |

## ORDER

Martin Hughes, a state prisoner, filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) On March 20, 2019, the court entered an order granting the petitioner 28 days to either pay the $5.00 fee required to file a habeas corpus petition or submit an application to proceed in this court without prepaying the fee ("Deficiency Order"). (Doc. No. 3.) At that time, the court warned the petitioner that this action would be dismissed if he failed to comply with these instructions. (*Id.*)

Before the deadline expired,[1] the petitioner filed a motion for an extension of time to pay the filing fee. (Doc. No. 5.) The petitioner stated that he was in segregation and, in a letter attached to the motion, stated that the Clerk of Court would "be receiving the five dollar required fee . . . from my family members very soon." (Doc. No. 5 at 1; Doc. No. 5-1 at 1.) The court granted the petitioner another 28 days to pay the fee (Doc. No. 8), resulting in a new deadline of May 23.[2]

---

[1] The 28-day fee-payment period began on March 21, the day after the court entered the Deficiency Order. Fed R. Civ. P. 6(a)(1)(A). Three days are added to the period because the petitioner was served by mail. Fed. R. Civ. P. 6(d). The thirty-first day of the period was Sunday, April 21, so the period continued to run until Monday, April 22. Fed. R. Civ. P. 6(a)(1)(C). The petitioner's motion is deemed filed when he gave it to prison officials for mailing. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). The motion is dated April 16, so the court assumes he gave it to prison officials on that date. *Id.* Thus, the petitioner filed the motion within the fee-payment period.

[2] As shown above, the petitioner's original deadline was April 22. Three days are added to the 28-day extension period because the petitioner was again served by mail. Fed. R. Civ. P. 6(d). Thirty-one days after April 22 was May 23.

In a letter received on May 29 and dated May 16, the petitioner stated that his "sister has been now notified to send into this court clerk's office the fee of (5$)." (Doc. No. 9.) He did not, however, ask for another extension of time to pay the fee.

Despite receiving an extension of time to pay the fee and twice assuring the court that a family member would be paying the fee on his behalf, the petitioner has not resolved the matter of the fee in this action. Thus, the petitioner has not complied with the court's instructions within the Deficiency Order. Indeed, it has now been over one month since the extended deadline to pay the fee expired. In these circumstances, the court finds it appropriate to dismiss this action without prejudice for failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss a habeas corpus action for failure to prosecute. *Ross v. Cauley*, No. 18-6114, 2019 WL 1805019, at *2 (6th Cir. Mar. 29, 2019). The court considers four factors in determining whether an action should be dismissed under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the opposing party was prejudiced by the dismissed party's failure to cooperate; (3) whether the dismissed party was given a warning that failure to cooperate could lead to dismissal; and (4) whether less drastic measures were considered before dismissal." *Id.* (citing *Schafer v. City of Defiance Police Dep't*, 529 F.2d 731, 737 (6th Cir. 2008)). Here, three of these factors strongly support dismissal without prejudice.

First, the court finds "bad faith, willfulness, or fault when the record clearly evinces a party's 'delay or contumacious conduct.'" *Saulsberry v. Holloway*, 622 F. App'x 542, 545 (6th Cir. 2012) (quoting *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)). Conduct is "contumacious" if it "display[s] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [the party's] conduct on those proceedings." *Carpenter*, 723 F.3d at 706

(citations and internal quotation marks omitted). Here, since being ordered to pay the fee, the petitioner has submitted five filings other than his motion for an extension of time. (Doc. Nos. 6, 7, 9, 10, and 11.) These filing include about 10 pages of letters, declarations, or additional briefing (Doc. No. 6 at 1; Doc. No. 7; Doc. No. 9; Doc. No. 10 at 1–6; Doc. No. 11), and over 200 pages of assorted attachments (Doc. No. 6 at 2–24; Doc. No. 10 at 7–203). Based on this record, and the petitioner's two fruitless assurances that the matter of the fee would soon be resolved, the court concludes that the petitioner has displayed, at least, a "reckless disregard for the effect of [his] conduct on th[ese] proceedings." *Carpenter*, 723 F.3d at 706. The first factor therefore weighs in favor of dismissal.

As to the second factor, the respondent has not been prejudiced by the petitioner's conduct because, due to the petitioner's failure to resolve the matter of the filing fee, the respondent has not yet been ordered to respond. But the third factor, "which is a 'key consideration' in the analysis," *Schafer*, 529 F.2d at 740 (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)), weighs heavily in favor of dismissal. "When a party receives a targeted warning that its failure to prosecute will lead to dismissal, but nonetheless persists in its noncompliance, this factor favors affirming the resulting dismissal." *Saulsberry*, 622 F. App'x at 547 (citing *Kovacic v. Tyco Valves & Controls, LP*, 433 F. App'x 376, 382 (6th Cir. 2011)). Here, the court provided such a targeted warning in the Deficiency Order. (Doc. No. 3 at 1.) Finally, the fourth factor supports this outcome as well, because dismissal without prejudice is a relatively lenient measure compared to the more drastic sanction of dismissal with prejudice. *Carpenter*, 723 F.3d at 709 (citing *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 593 (6th Cir. 2001)).

For these reasons, this action is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with the court's previous order. Fed. R. Civ. P. 41(b).

This is the final order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
ALETA A. TRAUGER
United States District Judge